## Fox, et al. v. Fox, Trustee, et al.

(Decided October 4, 1911.)

### Appeal from Madison Circuit Court.

Wills—Estate Trial—Converted Into Fee—Section 2343, Kentucky Statute.—A devise to the testators sons "to them and their heirs and their children's heirs" is equivilent to a devise to them and the heirs of their bodies and creates at common law an estate tail which by section 2343, Kentucky Statutes is converted into a fee.

T. H. COLLINS for appellant.

L. B. HERRINGTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

I. A. Fox died a resident of Madison County, Kentucky, leaving a last will and testament, which was duly probated and which is as follows:

"I give and bequeath at my death to my sons—Samuel, Sears, Thomas Fox—one hundred ninety-six or two hundred acres of land to them and their heirs and to their children's heirs. My wife, Kate, to have one-third her lifetime, when Thomas, the youngest son, becomes of age they can divide or keep all property together, do as they think best. I desire them to keep all property together as long as possible. Pay Thomas, my son, one hundred dollars; also let him keep his thoroughbred cow, have no sale. Carry on the farm as I did. When the youngest son becomes of age, my wife, Kate, can take possession of the couch and walnut set of furniture. I desire equal division of all kinds of property. My wife, Kate, to have her third, when Thomas is twenty-one.

"I appoint my wife administratrix without security, this my last will and testament."

At the time of the testator's death his wife and three sons were living. His wife has since died, and his three sons, who are still living, brought this action for the purpose of partitioning the estate which their father devised, and other real estate which they themselves jointly acquired, and also for the purpose of having their father's will construed. While the testator seems to have been under the impression that he owned 196 or 200 acres of land, as a matter of fact he owned only two small tracts, one containing 5 1-2 acres and the other containing 34 1-8 acres. The remainder of his estate consisted of a life interest in 157 acres of land which his father and mother had deeded to him. The chancellor adjudged that under the will in question, all of the testator's devisees were entitled to a fee simple in all the land which he owned in fee simple at the time of his death. From that judgment this appeal is prosecuted.

The particular language we are asked to construe is as follows:

"I give and bequeath at my death to my sons—Samuel, Sears, Thomas Fox—one hundred and ninety-six or two hundred acres of land to them and their heirs and to their children's heirs." By the use of the language referred to, we conclude that it was the evident purpose of

the testator to entail the estate devised. In other words, the expression "to them and their heirs, and to their children's heirs" is equivalent to, and was used in the same sense as "heirs of their bodies," which, at common law, would have created an estate tail, which, by section 2343 of the Kentucky Statutes is converted into a fee. Prescott v. Prescott, 10 B. Mon., 56; Pruitt v. Holland, 92 Ky., 641.

As this conclusion sustains the view of the chancellor, it follows that the judgment should be affirmed, and it is so ordered.