## Bonnycastle v. Lilly, et al.

(Decided May 21, 1913.)

### Appeal from Fayette Circuit Court.

1. Wills—"Issue"—When a Word of Limitation.—In a will the term "issue" may be employed either as a word of purchase, or of limitation, according to which sense will best effectuate the testator's intention. It is usually construed as a word of limitation, and not of purchase, unless there be controlling words, clearly showing that the contrary meaning was intended by its use.

2. Wills—Estate Tail Converted Into a Fee.—Where a testator devised his property to his daughter during her natural life, "and after her death said property is to be held in trust for her children now living and their lawful issue," the grand-children took an estate tail which, under section 2343 of the Kentucky Statutes, is converted into an estate in fee simple.

GEORGE C. WEBB for appellant.

SHELBY & SHELBY for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is a suit by Mrs. Emma T. Lilly, her two children, and the trustee under the will of her father, to compel John C. Bonnycastle to specifically perform a contract for the purchase of land in Lexington. Mrs. Lilly and her children acquired title to the property in question under the third clause of the will of her father, John W. Appleton, who died in 1910. Said clause reads as follows:

"I give and devise to my daughter, Emma Lilly, the house and lot in which I now reside, on High street, Lexington, Kentucky, to be her own and held by her for and during her natural life, and after her death said property is to be held in trust for her children now living and their lawful issue."

Mrs. Lilly has two adult children, Walter T. Lilly and John A. Lilly, who joined their mother in a deed to the property sold to Bonnycastle; and Bonnycastle having refused to accept the deed upon the ground that it did not pass fee simple title to the property conveyed, the grantors brought this action for a specific performance of the contract. The chancellor entered a judgment requiring Bonnycastle to accept and pay for the land, and he appeals.

The question involved is, what estate did John A. Lilly and Walter T. Lilly take in the property under the above clause of their grandfather's will? The decision of this question depends upon whether the words and "their lawful issue" are to be construed as words of purchase or of limitation. If the word "issue" is a word of purchase, the estate in the sons of Mrs. Lilly is a remainder interest for life, with the ultimate remainder over to their "issue;" but, if it is to be construed as a word of limitation, with remainder to the two sons, it is an estate tail, which, under section 2343 of the Kentucky Statutes, is converted into an estate in fee simple.

Said section 2343 reads as follows:

"All estates heretofore or hereafter created, which, in former times, would have been deemed estates entailed, shall henceforth be held to be estates in fee-simple; and every limitation on such an estate shall be held valid, if the same would be valid when limited upon an estate in fee-simple."

In speaking of said section in Hall v. Moore, 32 Ky. L. R., 57, 105 S. W., 414, we said:

"It is well settled that the words 'heirs of her body;' 'heirs lawfully begotten of the body,' and other similar expressions are appropriate words of limitation, and

must be construed as creating an estate tail, which, by the statute, *supra,* is converted into a fee simple; unless from the entire will or deed it reasonably appears that they are not used in their technical sense, but in the popular sense of 'children.' As already intimated it is not apparent from anything in the deed under consideration that the words in question were employed in the latter sense. (Pruitt v. Holland, 92 Ky., 641; Prescott v. Prescott, 10 B. Mon., 56; Lochland v. Downing, 11 B. Mon., 32; Robb v. Belt, 12 B. Mon., 643; Brown v. Alden, 14 B. Mon., 144; Johnson v. Johnson, 2 Met., 331; True v. Nicholls, 2 Duvall, 547; Breckinridge v. Denny, 8 Bush, 523.''

See, also, Lawson v. Todd, 129 Ky., 134, where the Kentucky cases upon the subject are cited.

In 23 Cyc. the rule is thus stated:

''In a will the term 'issue' may be employed either as a word of purchase, or of limitation, according to which sense will best effectuate the testator's intention. It is usually construed as a word of limitation, and not of purchase; unless there be controlling words, clearly showing that the contrary meaning was intended by its use.''

Whatever may be the character of their estate, it is clear the gift to the two sons in remainder took effect immediately upon the death of the testator. The estate vested as soon as the will became operative. There was no issue of the sons, John and Walter, when the devise took effect; and both are yet unmarried.

In Breckinridge v. Denny, 8 Bush, 523, where the devise was to trustees for the use of the testator's three daughters, ''and their posterity forever,'' it was held that the word ''posterity'' embraced descendants to the remotest generation, thereby creating an estate tail, which, under our statute, was converted into a fee simple. The word ''issue'' is, of course, as comprehensive a word as ''posterity,'' and embraces, as the latter does, not only children, but descendants to the remotest generation.

The decision in Breckinridge v. Denny, *supra,* was rested upon the decision of this court in Deboe v. Bowen, 8 B. Mon., 616, where the devise was to the testator's son, James, with a provision that if he should die without issue, the property should go to the testator's unmarried daughters; but ''if he should die with heirs,'' it was to go to them. In that case the word ''heirs'' was construed to mean, ''heirs of his body,'' thereby creating an

estate tail, which was converted by the statute into an estate in fee.

In Wistar v. Scott, 105 Pa. St., 200, 51 Am. Rep., 198, there is a full discussion of the term "issue," and a recognition of the rule that in a will its *prima facie* construction is "heirs of the body," or lineal descendants, indefinitely, and that it is held to be a word of limitation and not a word of purchase.

See, also, Allen v. Craft, 109 Ind., 476, 58 Am. Rep., 425.

We find no words in the third clause of Mr. Appleton's will which alter the *prima facie* meaning of the term "issue," as there used. The devise over after the death of Mrs. Lilly is to "her children now living and their lawful issue." The devise, therefore, is to be construed as one to Mrs. Lilly for life, with remainder to her two sons, John A. and Walter T. Lilly, "and their issue," or "heirs of their bodies," the word "issue" being used to designate and include a class of persons to take in perpetual succession. This created a remainder in tail which, under our statute above quoted, is converted into a fee, so that the legal life estate is in the mother, with the title in remainder in the two sons in fee simple.

And, as the Security Trust Company, trustee under the Appleton will, joined as a grantor in the deed which was tendered to Bonnycastle, the deed clearly passed the entire estate. The judgment of the Chancellor was right.

Judgment affirmed.