# DECISIONS

# Court of Appeals of Kentucky

## SPRING TERM, 1914

### Guest, et al. v. Foster, et al.

(Decided May 14, 1914.)

### Appeal from Lincoln Circuit Court.

1. Judicial Sales—Judgment—Evidence of Divisibility of Property as Required by Sec. 694 of the Code.—The court before entering a judgment ordering the sale of a body of land should be satis‧ fied as provided in section 694 of the code by agreement of the parties or by affidavits or by the report of a commissioner or from the pleadings whether or not the property can be divided without materially impairing its value. The court, however, may from an inspection of the pleadings, determine how land should be sold and need not have before it an agreement of the parties or an affidavit or a report of a commissioner. Nor is it essential that the petition should aver whether the property is divisible or not.

2. Judicial Sales—When Exceptions to Report of Sale Should Be Sustained if Divisible Land is Sold as a Whole.—Although the judgment may direct the sale of land as a whole, yet if it appears on exceptions to the report of sale that the land was susceptible of division and that the owner was prejudiced by the failure of the court to order a division or to order it sold in two or more different parcels, the exceptions should be sustained, if it further appears that the property was sold at a grossly inadequate price.

3. Judicial Sales—When Exceptions Should Be Sustained Although Commissioner Follows Judgment in Making Sale.—Where the court commits an error, to the serious prejudice of the owner, in ordering the sale of land as a whole, when it should have been sold in parcels or divided, the court may cure this error on the hearing of exceptions to the Commissioner's report of

sale by setting the sale aside, if the sale was at a grossly in-
adequate price; and when the sale is set aside for this reason,
the court, in ordering another sale, should modify the judg-
ment so as to correct the error.

4. Judicial Sales—Harmless Error.—An error of the court in order-
ing the sale of property as a whole when the land could have
been divided or sold in parcels, will not avail, when the rights
of the owner have not been prejudiced.

5. Judicial Sales—Requiring Cash Deposit—Sale for Cash—Con-
struction of Sec. 696 of the Code.—Section 696 of the Code pro-
vides that real property shall be sold on a credit of not less
than six months, and a sale of land for cash or on a shorter
credit than six months will be reversible error; but when the
judgment requires the purchaser to make a deposit, for example,
of $200, this, although error, will be treated as harmless in the
absence of a showing that the interests of the owner were
prejudiced by the requirement.

6. Judicial Sales—Exceptions to—Errors That Will Authorize Va-
cation of Sale.—The judgment of the lower court in overruling
or sustaining exceptions will not be interfered with unless it
appears that the interests of the complaining party have been
prejudicially affected by the judgment.

7. Judicial Sales—Giving Purchaser Option to Pay in Cash or at
Any Time Before Maturity of Bonds.—Where a judgment per-
mitted the purchaser to execute bonds or pay the purchase price
in cash or at any time before the maturity of the bonds, this
option cannot be prejudicial to the owner.

J. S. OWSLEY, JR., J. B. PAXTON and ROBT. HARDING for
appellants Guests.

FLEXNER & GORDON for appellants, Citizens' Trust Company.

BURNETT, BATSON & CARY for Commonwealth Life Insur-
ance Company.

P. McROBERTS for Foster.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The Citizens Trust Company brought suit to enforce
the collection of a promissory note for $4,500, executed
to it by Anna F. Guest and her husband and the trustee
of Mrs. Guest, and to have a tract of land containing 169
acres, upon which there was a mortgage to secure the
payment of the note, sold to satisfy the debt. There was
a prior mortgage on the land for something over $6,000,
given to the Commonwealth Life Insurance Company,
and this company came in by cross-petition and asked
for personal judgment and a sale of the land to satisfy
its debt. There was no averment in either the petition

or the cross-petition as to the divisibility or indivisibility of the land. These pleadings merely asked that the land be sold and that out of the proceeds of sale the debts be paid.

The Guests entered their appearance to the action, and, following this, there was a personal judgment against them for the amounts due to each of the companies, amounting in the aggregate to more than $11,000. The judgment, which also directed a sale of the land, set out "that it could not be divided without materially impairing its value," and also contained this provision: "Said property to be sold on a credit of six, twelve and eighteen months, and the purchaser shall be required to execute bond with good surety for equal parts of the purchase money, and a lien shall be retained on the property as additional security. A deposit of $200 shall be required upon the purchase price of said property at the time of sale. Privilege is given to the purchaser to pay the purchase price in cash without executing bonds, or to pay the purchase money at any time before maturity."

Under this judgment the land, after being appraised for $11,865, was offered for sale, when John B. Foster became the purchaser at the price of $8,000, and executed bonds for equal installments of the purchase price, due in six, twelve and eighteen months. He also paid the commissioner in cash $200.

To this report of sale, the Guests filed exceptions, asking that the sale be set aside (1), because there was no allegation in the pleadings or agreement of parties or affidavits or report of a commissioner showing whether or not the land could be divided without materially impairing its value, and it was averred that it could be divided without materially imparing its value and would sell for a much better price if sold in parcels than as a whole; (2), because the judgment required a deposit of $200 to be made by the purchaser and gave the purchaser the privilege of paying the purchase money in cash or at any time before maturity; and (3), because the price at which the property was sold was inadequate.

On these exceptions the court heard evidence offered by both the Guests and the purchaser, Foster, and from the judgment overruling the exceptions the Guests and the Citizens Trust Company appeal. The appeal, however, of the Citizens Trust Company does not avail it

anything, as it did not file any exceptions to the report of sale. So that the only matter to be considered on the record before us is whether the court erred in overruling the exceptions filed by the Guests.

On the trial of these exceptions several witnesses were introduced by the exceptors as well as by the purchaser, and it appears from their evidence that this land fronts on the main street of Crab Orchard, a sixth class town, for a distance of about 1,800 feet, and then runs back probably a mile in a kind of oblong square, and that the dwelling house and improvements are situated near the street, and the best of the land is that part fronting on the street.

The witnesses for the Guests testified that the land could have been sold to better advantage if the front had been divided into town lots and these lots sold separately and the remainder of the land sold as a body, or if it had been divided into two tracts, it being, according to their opinion, susceptible of advantageous division. They further said that the land was worth about $15,000.

Other witnesses testified, and the weight of the evidence shows that there was very little demand for town lots in Crab Orchard, and that, considering the situation and condition of the land and the location of the buildings, it was not susceptible of advantageous division, and it could be and was sold to as good if not better advantage as a whole than if divided into two tracts or partly into town lots, and brought at the sale a fair price and as much as it was reasonably worth. It might also be noticed that no offer was made on the hearing of the exceptions by any person to pay more for the land than it brought at the public sale.

A careful reading of the evidence heard on the exceptions satisfies us, as it did the lower court, that the land was not susceptible of advantageous division and brought at the sale a fair and reasonable price; at any rate, it is very clear that the sale was not at a grossly inadequate price.

But notwithstanding this conclusion on the evidence, it is insisted that the exceptions should have been sustained, because sec. 694 of the code was not observed in ordering the sale. So much of this section as is pertinent reads as follows:

"Before ordering a sale of real property for the payment of debt, the court must be satisfied by the pleadings,

by an agreement of the parties, by affidavits filed, or by a report of a commissioner or commissioners, whether or not the property can be divided without materially impairing its value; and may cause it to be divided, with suitable avenues, streets, lanes or alleys; or without any of them."

Neither the petition nor the cross-petition contained any reference to whether the land could be divided without materially impairing its value, and it does not appear that before entering the judgment there was any agreement of the parties or affidavits or report of a commissioner showing whether the land could be divided without materially impairing its value, or that it would be more advantageous to sell it as a whole. The judgment, however, recited that the land could not be divided without materially impairing its value, and directed that it be sold as a whole.

As directed by the code, the court before entering a judgment ordering the sale of land should be advised in the manner provided by the code concerning the divisibility or the indivisibility of the land, and after being so advised should direct the land to be sold in such a manner as would be most advantageous to the parties interested in the sale.

It is not, however, required that the court, before directing a sale of the land as a whole or directing its division, should have before it an agreement of the parties, or affidavits, or the report of commissioners, as the court may from an inspection of the pleadings determine how the land should be sold. Thus it was said in McFarland v. Garnett, 10 Ky. L. R., 91:

"Section 694 of the Civil Code, which directs that 'before ordering a sale of real property for the payment of debt, the court must be satisfied by the pleadings, by an agreement of parties, by affidavits filed, or by a report of a commissioner, whether or not the property can be divided without materially impairing its value,' does not require an allegation in the pleadings to the effect that the property is divisible or indivisible. Nor is it indispensable that the fact as to the divisibility or indivisibility of the property should appear, by the agreement of the parties, by affidavits, or a report of a commissioner, before ordering a sale of the property; but the court may satisfy itself, from the character of the boundary or the number of acres in the tract, as described in the pleadings, that a division of the property

can be had, without materially impairing its value. This is all that is required.''

Nor is it essential that the petition should expressly aver whether the property is or is not divisible: Sears v. Henry, 13 Bush, 413; Cockrill v. Mize, 11 Ky. L. R., 637; Lucy v. Hopkins, 11 Ky. L. R., 907. If, however, the court should order a sale of the land as a whole, and it appeared on exceptions to the report of sale that the land was susceptible of division and that the owner was prejudiced by the failure of the court to order a division or to order it sold in two or more different parcels, the exceptions to the report of sale should be sustained, if it further appeared that the property was sold at a grossly inadequate price, although the commissioner making the sale may have followed accurately the judgment. It was so decided in Vanmeter v. Vanmeter, 88 Ky., 448. In that case it appears from the opinion that the judgment directed the sale of the land as a whole, to the prejudice of the owner, when it was susceptible of advantageous division, but as the commissioner followed the judgment in making the sale, the question was raised whether or not the error of the judgment in directing a sale of the whole when it should have directed a division and sale could be reached by exceptions to the commissioner's report of sale, and the court said:

''The terms and the manner of the sale being regulated by statute, the court should correct the error before confirmation, if. objections are interposed and an injury results to the debtor. It is not an erroneous judgment merely, over which the court has no control, but an error as to the manner of sale that the court has control over until after confirmation. * * * And while he can not, at his mere will, set aside a sale, although he may believe that his decision is wrong on the merits, yet when the manner of sale is irregular, although authorized by the chancellor, it being a matter over which he has complete control, notwithstanding the judgment, if the rights of the debtor are prejudiced by it, he should see that justice is done him. The code, requiring a division of the land when it can be made so as to prevent the sacrifice complained of in this case, not being followed by the commissioner or by the court, is such an irregularity, connected with the inadequacy of price, as will require the sale to be disregarded.''

To the same effect are: Gleason v. Ky. Title Co., 25 Ky. L. R., 1546; Underwood v. Cartwright, 20 Ky. L. R.,

809. So that upon the authority of these cases it may be regarded as settled that where the court commits an error to the serious prejudice of the owner in ordering a sale of land as a whole when it should have been sold in parcels or have been divided, the court may cure this error on the hearing of exceptions to the commissioner's report of sale, by setting aside the sale if the sale was at a grossly inadequate price, although the commissoner, in making the sale, may have followed the terms of the judgment. This practice seems to have been adopted in the Vanmeter and other cases for the purpose of relieving the owner from the hardship occasioned by the error in the judgment, and it would seem that, when exceptions are sustained for this reason, the court should, in ordering another sale, so modify the judgment as to direct the commissioner to divide the land or sell it in parcels, as the conditions seem to require.

This practice, however, will not be indulged unless it appears that the owner was prejudiced by the sale of the land as a whole. The mere error of the court in ordering a sale as a whole when the land should have been divided or sold in parcels, will not avail when the rights of the owner have not been prejudiced.

Applying now these views to the facts of this case as they appear in the record, we find that the error, if any, committed by the court in ordering the land sold as a whole, did not prejudice the rights of the owner, and in considering exceptions to a report of sale the rule generally applied by this court in other cases, that only errors prejudicial to the substantial rights of the complaining party will be available, will be observed. The judgment of the lower court in overruling or sustaining exceptions will not be interfered with unless it appears that the interests of the complaining party have been prejudicially affected by the judgment appealed from. If on the exceptions the evidence had been sufficient to satisfy the lower court that the rights of the owner were prejudiced by the manner in which the land was sold, we have no doubt that the court would have set aside the sale; but as the evidence did not show that the rights of the owner were prejudiced, there was of course no reason for setting aside the sale on this ground.

It is further urged that error was committed by the court in directing a cash payment by the purchaser of $200. Section 696 of the code provides in part:

"Every sale made under an order of court must be public, upon reasonable credits to be fixed by the court, not less, however, than three months for personal, nor six months for real property.  *   *   *   "; and a failure to follow this requirement of the code and order a sale of land for cash or on a shorter time than six months, will constitute reversible error, as was held in McKenzie v. Salyer, 19 Ky. L. R., 1414, and Luttrell v. Wells, 97 Ky., 84.

But this error was harmless, because there is no evidence that the interest of the owner was prejudiced by the requirement that the purchaser should deposit $200. No person was prevented from bidding on account of the requirement that this cash deposit should be made.

That part of the judgment, giving the purchaser the option of paying in cash or at any time before maturity of the bonds the full amount of the purchase money, was manifestly not prejudicial to the owner or any one else, as it was entirely optional with the purchaser to execute bonds or pay in cash or pay the bonds before maturity. The judgment did not require him to pay cash or pay the bonds before maturity.

Upon the whole case the judgment should be affirmed, and it is so ordered.