## Wright, By et al. v. Curry, Tunis & Norwood.

(Decided March 19, 1915.)

### Appeal from Scott. Circuit Court.

Wills—Fee Tail—Section 2343 Kentucky Statutes.—Where there is nothing 'in a will to indicate a contrary intention, a devise to one and his "bodily heirs" creates an estate tail which, by Section 2343 of the Kentucky Statutes, is converted into a fee.

FORD & FORD for appellants.

BRADLEY & BRADLEY and WM. S. KELLY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This appeal involves the construction of the will of B. F. Wright, who died a resident of Scott County, Kentucky. The question arises in the following way:

Curry, Tunis & Norwood, a corporation, obtained a judgment against J. T. Wright, a son of B. F. Wright. Execution was issued thereon and returned "no property found." This action was brought to subject the land of J. T. Wright to the payment of the debt. Annie Laurie Wright and others, the infant children of J. T. Wright, intervened and asserted an interest in the land sought to be subjected. A demurrer was sustained to their petition and the petition dismissed. From the judgment so entered this appeal is prosecuted.

That part of the will of B. F. Wright affecting the land in controversy is as follows:

"Item 3. I will and bequeath to my son John Thomas Wright and his bodily heirs at the death of my wife Sarah J. Wright all of Sarah J. Wright dower right except twenty-five acres of land hereinafter described.

"Item 4. I will and bequeath to my son John Thomas Wright and his bodily heirs about forty-five acres of land known as the Jeptha Bell land adjoining the dower. I also will and bequeath to my son John Thomas Wright and his bodily heirs between twenty-five and thirty acres bounded as follows: Beginning at the small red oak on the hill near the barn west of the home residence running south with the original Wright and Drake line to the pike and down said pike to the line of J. M. True and Mary True, thence northward with their line to a corner of J. T. Wright to the red oak at the beginning."

It will be observed that the various tracts of land given to John Thomas Wright are devised "to my son John Thomas Wright and his bodily heirs."

We have held in a number of cases that the words "bodily heirs," "heirs of the body," "heirs lawfully begotten of the body," and other similar expressions are appropriate words of limitation and must be construed as creating an estate tail which, by Section 2343 of the Kentucky Statutes, is converted into a fee simple, unless there be something else in the will or deed from which a reasonable inference can be drawn that the words were used in a sense different from their legal and technical meaning. Johnson v. Johnson, 2 Met., 331;

Prescott v. Prescott's Heirs, 10 B. Monroe, 56; Brown v. Alden, 14 B. Monroe, 114; True vs. Nicholls, 2 Duvall, 547; McCauley, &c. v. Buckner, &c., 87 Ky., 191; Sanders v. Wade, 17 Ky. Law Rep., 205; Marshall vs. Walker, 26 Ky. Law Rep., 199; 29 Ky. L. R., 97; Young v. Amburgy, 87 S. W., 802; Watkins v. Pfeiffer, 92 S. W., 562; Edwards vs. Walesby, 98 S. W., 306.

We have carefully examined the will in question and find that it contains no provision or expression showing that the words "bodily heirs" were used in the sense of children or in any sense different from their ordinary and usual meaning. In the absence of anything indicating a contrary intention, the words must be given their technical meaning. It follows that the chancellor properly adjudged that J. T. Wright acquired a fee simple under his father's will and that his children have no interest in the land in controversy.

Judgment affirmed.