## Harris, et al. v. Louisville Trust Company.

(Decided October 18, 1918.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Division No. 1).

1. Judicial Sales—Exceptions.—Where the plaintiff, in an action to enforce a lien upon land, alleges that the property can not be divided without material impairment of its value, and the defendant fails to defend the action or to deny the indivisibility of the property, and the court adjudges that the land is indivisible in the order of sale, and directs it to be sold as a whole, the defendant, after the sale can not except to the report of sale upon the ground, that the court erred in ordering the land sold as a whole and that it ought to have been divided before sale.

2. Judicial Sales—Inadequacy of Price—Exceptions.—If in an action for the sale of real property, there is no allegation in the pleadings, with reference to the divisibility of the property, and no issue made with reference to such question, and the court, in accordance with section 694, of the Civil Code determines, that

question, in the order of sale, and errs as to the question, and the result of the error, is that the land sells for a grossly inadequate price, the owner may except to the sale upon the ground of the error, and the court may correct the error by setting aside the sale and modifying the order of sale, although the commissioner has made the sale, in conformity to the order.

JAMES W. GARRISON for appellants.

HENRY W. BEDINGER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, N. L. Harris, owned a lot, in the city of Louisville, which had a front of fifty feet and depth of one hundred and ten feet. The appellee, Louisville Trust Company, had a mortgage lien upon it to secure a debt for borrowed money, of $786.00. The appellee filed its petition in equity to secure personal judgment against the appellants, and an enforcement of its lien. Process upon the petition was duly served upon the appellants, but, they took no notice of the action. In proper time, a judgment was rendered, by default, against appellant, N. L. Harris, for the debt and the costs of the action, and a judgment for the sale of the lot to satisfy the judgment. The description of the lot, which was contained in the mortgage, and which was filed with the petition, showed it to be a single lot. The description in the petition followed the description in the mortgage. The petition contained an averment, that the lot could not be divided without materially impairing its value, and the prayer requested a sale of the entire lot, and the application of a sufficiency of the proceeds, as might be necessary, to satisfy it, to the payment of appellee's debt and costs. The judgment of the court was to the effect, that the lot was indivisible, without material impairment of its value, and adjudged that the lot be sold as a whole. The advertisement of the sale by the commissioner and the sale were in strict conformity to the judgment. The lot was appraised at the sum of $1,300.00. The sale was regularly reported, and the appellants then filed exceptions to the confirmation of the sale, upon the ground that the lot was sold as a whole, and was susceptible of division without material impairment of its value, and that by reason of its being sold as a whole, it brought greatly less than its value. In support of the exception,

the affidavit of appellant, N. L. Harris, was filed, and in which he stated, that there were two cottages situated upon the lot, and that the lot was susceptible of division into two lots, and that in his opinion, the sale of one of the lots would have satisfied the judgment. The affidavits of the purchaser and three others were filed, who gave it, as their opinion, that the lot was not susceptible of division without great impairment of its value, and of each part thereof, and that the sum which it sold for at the sale was a fair price for it and as much as it was worth.

The court overruled the exception and ordered the report of the sale confirmed, and from this judgment this appeal is prosecuted.

As said, heretofore, the sale was made in conformity to the judgment, and if it had not been so done, it would have resulted necessarily in the setting aside of the sale. Jarboe v. Calvin, 4 Bush 75; Cofer v. Mibler, 7 Bush 546; Hahn v. Pindell, 1 Bush, 538.

It was held, in Booker v. City of Louisville, 25 R. 497, where the petition alleged that the real estate sought to be sold was not divisible, without material impairment of its value, and the court had ordered it to be sold as a whole, that after the sale the owner of the property, could not make available an exception to the sale on account of the property being divisible, where he had failed to make an issue upon that question before judgment. This seems to have been so held upon the ground that the defendant, and owner of the land sought to be sold was estopped to claim after the judgment and sale, that the land was divisible without material impairment of its value, when in the petition seeking the sale, it had been averred, that the land was not susceptible of division, and the defendant had not denied such averment and permitted the court to adjudge a sale of it as a whole. When it is sought to have adjudged a sale of the real estate of infants to pay the debts of an ancestor, the well settled rule in this jurisdiction is, that if it is desired to sell more land, than is necessary to pay the debts, it must be averred and proven by evidence, that the land is not susceptible of division, without the material impairment of its value. Carter v. Crow's Admr., 130 Ky. 49; Auxier v. Clark, 26 R. 890; Talbott v. Campbell, 23 R. 2198; Gill v. Lane, 26 R. 267; Elliott v. Fowler's Guardian, 112 Ky.

376; Zehnder v. Schoenbachler, 24 R. 847; Louisville Banking Co. v. Pranger. In Sears v. Henry, 13 Bush, 413; Cockrill v. Mize, 11 R. 637; Lucy v. Hopkins, 11 R. 907, and in Guest v. Foster, 159 Ky. 6, it was held that, where one is seeking a sale of land under a lien, that under section 694, Civil Code, it was not necessary to make an allegation, as to the divisibility or indivisibility of the land, although it was the duty of the court, before adjudging a sale to determine from one of the ways, provided, in that section of the Code, as to whether the land should be sold as a whole or divided into parcels and sold. In these cases, there was no allegation in the pleadings, as to the divisibility of the land, and in all, except the latter, the court adjudged, that only so much of the land should be sold as was necessary to satisfy the debts, or in other words, determined that the lands were susceptible of division, and so ordered the sale.

It has been consistently held, that the court may by an examination of the pleadings determine whether the lands, sought to be sold, are susceptible or not susceptible of division, and an agreement of the parties, affidavits nor a report of a commissioner is necessary, if the pleadings so describe the land as to enable the court to determine whether or not it can be divided without materially impairing its value. McFarland v. Garnett, 10 R. 91; Mays v. Carman, 23 R. 2216; Wigginton v. Nehan, 25 R. 617; Burge v. Chestnut, 121 S. W. 989; Guest v. Foster, 159 Ky. 1. In the instant case an examination of the petition, which was verified, shows the land to consist of a single lot, and the averment of the petition, that the lot is indivisible without material impairment of its value, may, at least be considered the affidavit of appellee's officer upon that subject. Hence, there seems to have been a sufficiency, in the pleadings, to enable the court to determine whether the lot should be sold as a whole or divided, as required by section 694, Civil Code. It is clear, that, if the appellant had answered, when sued, and put in issue the divisibility of the land, and such issue had been determined by the court, an exception to the report of the sale upon that ground, would have been an attempt to raise a question, which was *res adjudicata*. If an allegation is properly made in the petition and the defendant does not answer nor put the matter pleaded in issue, the judgment by default is as conclusive, as if a

trial had been had upon the issue, which he confesses, before judgment. While it is not essential to sustain a plaintiff's cause of action upon a debt secured by lien upon land, that any averment should be made in the petition, as to the divisibility or non-divisibility of the land sought to be sold, as held in Sear v. Henry, *supra,* and other similar cases, the allegation is essential, if the plaintiff desires the sale of the land, in a particular way, unless it conclusively appears from its description, that it can not be otherwise sold than as desired, and such rule has been recognized by this court, when attempts are made to sell the lands of infant defendants, to satisfy the debts of their ancestor, as appears from the cases heretofore cited. Hence, the exception in the instant case, is upon a ground, which as to the appellants, was determined when the judgment of sale was rendered, and is not available to them now. This conclusion does not conflict with the doctrine of Guest v. Fowler, 159 Ky. 1; Gleason v. Ky. Title Co., 25 R. 1546; Underwood v. Cartwright, 20 R. 809; Vanmeter v. Vanmeter, 88 Ky 448, and others holding to the same rule. They were all cases, wherein, the pleadings contained no allegation as to the divisibility of the lands sought to be sold, and no issue was tendered or joined thereon, and the court, in accordance with section 694, Civil Code, determined the question as to the divisibility. In such states of case, it is permissible, if it appears upon exceptions to the report of sale, that the lands were divisible, without material impairment of their value, and were erroneously ordered sold as a whole, or were divided, when the sale should have been as a whole, and the error has resulted in the lands selling for a grossly inadequate price, it is the duty of the court to set aside the sale and correct the error, although the sale has been made, in conformity to the order of the sale. Under this rule, the proof fails to show, in the instant case, that the lands should have been divided into parcels and sold, or that the manner of sale caused the lands to bring an inadequate price.

The judgment is, therefore, affirmed.