## Scearce, et al. v. King, et al.

(Decided January 16, 1920.)

## Appeal from Shelby Circuit Court.

1. Wills—Estate Created—Issue—Conversion to Fee.—By clause 5 of his will testator provided as follows: "I will and bequeath to my son, Marion Clinton King, and his legal bodily issue all of my real and personal estate including the dower when it ends, but in case he should die without living issue and leaving a widow I desire she shall have the interest on one-third of this bequest, or its equivalent of my estate during her widowhood, at her marriage or death the property to revert back to my estate for descent and distribution among my legal heirs as though I never had issue; except $200.00 shall remain with her after marriage as the token of my love and affection. And further in case the issue of said Marion C. King, my son, should die without living issue the realty of said property shall revert back to my estate for descent and distribution to my legal heirs as though I never had issue:" Held, that the word "issue" was used as a word of limitation and not of purchase, and the limitation over being contingent on an indefinite failure of issue, the limitation over was void and Marion C. King, the first taker, took an estate tail, which, by the statute, was converted into a fee.

2. Wills—Estate Created—Issue—Conversion to Fee—Effect of Statute.—Where an estate tail is converted into a fee by the statute, it becomes an absolute fee simple and not a defeasible fee or executory devise.

WILLIS, TODD & BOND for appellants.

EDWARDS, OGDEN & PEAK for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On August 5, 1919, M. C. King and his wife, Mary, and their daughter, Elizabeth, entered into a contract with R. D. Scearce and Rose Dudley Scearce, by which they sold to them a certain tract of land in Shelby county upon certain terms and conditions. Thereafter they tendered to the purchasers a deed conforming to the contract of sale, but the purchasers declined to accept the deed on the ground that the vendors could not convey the fee simple title. Thereupon the vendors brought this suit against the purchasers for specific performance, which was decreed by the circuit court. The purchasers appeal.

It is conceded that the vendors acquired title to the land in question under the will of William P. King, who died in the year 1892, and that Elizabeth King is the only child of Marion C. King. Omitting the introductory clause and the clauses providing for the payment of the decedent's debts and for the appointment of executors, the will in question is as follows:

"2nd.  I will and bequeath to my dear wife, Mary M. King, one-third of my real estate including my residence and surrounding buildings during her natural life, which she can or may have laid off to her by parties agreed upon or commissioners in case she and my heirs or their legal representatives may not agree. I also give her one year's provisions, one horse and buggy, at her death the property to descend to my heirs hereinafter named. She shall also have one-third of my household furniture, beds and bedding (besides what she owns in her own right) during her natural life.

"3rd.  I will that five hundred dollars ($500.00) of my money be set apart and kept at interest with good security or on mortgage as a fund for the benefit of my grandson, William Pierce King (son of Marion C. King), the interest of which shall be used for his personal wants and comforts in life when necessary, the principal not to be used unless the interest should be insufficient for his temporal wants, any part or all of which not so used by reason of his demise shall go to Mamie, wife of M. C. King (mother of the child), for her use and support as she may desire or will.

"4th.  I desire and will that the balance of my cash, cash notes and choses in action when cashed to be loaned to good parties with good personal security or on mortgage, the interest to be paid annually. One-third of said interest shall go to my wife, Mary M.

King, for her use and support during her natural life and two-thirds to my son, M. C. King. All my partnership interest with him in farming utensils and domestic stock on my farm shall be his without sale or division.

"5th. I will and bequeath to my son, Marion Clinton King, and his legal bodily issue all of my real and personal estate including the dower when it ends, but in case he should die without living issue and leaving a widow I desire she shall have the interest on one-third of this bequest, or its equivalent of my estate during her widowhood, at her marriage or death the property to revert back to my estate for descent and distribution among my legal heirs as though I never had issue; except $200.00 shall remain with her after marriage as the token of my love and affection. And further in case the issue of said Marion C. King, my son, should die without living issue the realty of said property shall revert back to my estate for descent and distribution to my legal heirs as though I never had issue."

The case turns on the construction of the fifth clause of the will. It is a well recognized rule of law that the words, "bodily heirs," "heirs of the body," and other similar expressions are appropriate words of limitation, and create at common law an estate tail which by section 2343, Kentucky Statutes, is converted into a fee simple, unless there be something else in the will or deed from which a reasonable inference can be drawn that the words were used in a sense different from their legal and technical meaning. Wright v. Curry, etc., 163 Ky. 683, 174 S. W. 1. Of course, the word, "issue," may be employed either as a word of purchase or of limitation, according to which sense will best effectuate the testator's intention. However, it is usually construed as a word of limitation and not of purchase unless there be controlling words clearly showing that a contrary meaning was intended. Bonnycastle v. Lilly, 153 Ky. 834; 156 S. W. 874. In the last mentioned case it was said: "In Breckinridge v. Denny, 8 Bush, 523, where the devise was to trustees for the use of the testator's three daughters, 'and their posterity forever,' it was held that the word 'posterity' embraced descendants to the remotest generation, thereby creating an estate tail, which, under our statute, was converted into a fee simple. The word 'issue' is, of course, as comprehensive a word as 'posterity,' and embraces, as the latter does, not only children, but descendants to the remotest generation."

There is nothing in the will in question from which it clearly appears that the words "legal bodily issue" were used in the sense of "children." On the contrary it is apparent that the testator intended that the estate should continue in Marion C. King and his descendants to the remotest generation, and upon the final failure of issue it should then revert to his heirs. In other words an indefinite failure of issue was contemplated, and where this is true, an estate tail is created, which the statute converts into a fee, and the limitation over is void for remoteness. Hertz v. Abrahams, 110 Ga. 707, 36 S. E. 409, 50 L. R. A. 361; 10 R. C. L. sec. 14, p. 658. In other words, an estate tail, which is converted by the statute into a fee simple, becomes an absolute fee simple and not a defeasible fee or executory devise. Breckinridge v. Denny, 8 Bush 523. It follows that Marion C. King took under his father's will an estate in fee simple, and that the chancellor did not err in adjudging the specific performance of the contract of sale.

Judgment affirmed.