## Hamilton, et al. v. Cunningham, et al.

(Decided January 20, 1920.)

### Appeal from Breckinridge Circuit Court.

1. Continuance—Diligence.—In order to entitle one to a continuance for the purpose of taking additional evidence, it must appear that the party applying for the continuance has exercised reasonable diligence to obtain the testimony, and if it appear that he has had reasonable time and opportunity to take the evidence and has failed to do so, the order of the court submitting the case will not be disturbed.

2. Witnesses—When Cannot Testify in Chief.—A party to an action cannot testify in chief in his own behalf after he has called other witnesses.

3. Pleading—Sufficiency.—Where the petition for the sale of lands avers that the property is indivisible, and this averment is not denied, and no evidence is heard upon this subject, the judgment of the court holding the property indivisible is sufficiently sustained.

4 Fraudulent Conveyances—Intent to Defraud Creditors.—Where one who owns a farm worth from $5,000.00 to $8,000.00, holds a mortgage on another farm worth about $2,000.00, and has several thousand dollars of money on deposit in bank, and is the owner of personal property valued at several hundred dollars, transfers his home farm to his son in consideration of one dollar, and gives to his son practically all of the balance of his property without consideration, except that the son is to give up his career as a business man in the city and return to the home of the father and live with him, the creditors of the father, on proper application, may have the conveyance of the father to the son set aside and the property of the father subjected to his debts.

MOORMAN & WALL and ERNEST WOODWARD for appellants.

E. B. ANDERSON and W. FOSTER HAYS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The Two States Bank of Stephensport failed on March 9, 1911, and filed a deed of general assignment for the benefit of creditors. It had several directors on its board, one of whom was Russell D. Hamilton. He is the father of C. C. Hamilton. The father owned a farm of 102 acres worth about $5,000.00, located near Stephensport in Breckinridge county. He also owned quite a lot of personal property and had a good sum of money on deposit in banks other than the Two States bank. Some time after the failure of the bank a suit was instituted by all the creditors of the bank against Russell D. Hamilton and the other directors of the Two States bank for approximately $16,000.00, and judgment was recovered in that action for $13,740.71 with interest, subject to certain credits. Before this suit was instituted and on June 20, 1912, the father had conveyed to C. C. Hamilton his home farm of 102 acres, for the recited consideration of "one dollar and other considerations." At that time the father had a mortgage on another tract of 218 acres and he shortly thereafter became the owner of this tract of land which he also conveyed to his son with-

out valuable consideration.    This tract was worth about
$1,800.00.   Along about the same time the father trans-
ferred to his son a certificate of deposit on a Louisville
bank for $3,700.00, and the son became the owner of all
the personal property about the home, of the value of
several hundred dollars.

This suit was instituted by the creditors of the bank
who obtained judgment against Russell D. Hamilton and
the other directors of the bank, for a cancellation of the
two deeds made by Russell D. Hamilton to his son C. C.
Hamilton for the lands above mentioned and to have said
lands subjected to the payment of the judgment against
Russell D. Hamilton.   The lower court entered a judg-
ment cancelling said deeds and adjudging said lands sub-
ject to the debts of the father, and the son prosecutes this
appeal.

It is the contention of appellant, C. C. Hamilton, that
the conveyance made by his father and mother to him of
the home farm of 102 acres was a *bona fide* transaction,
supported by a sufficient consideration, and that the
court erred to his great prejudice in holding otherwise
with respect to the home farm, but it is conceded in the
brief of counsel for appellant that the deed from the
father and mother to the son for the 218-acre tract was
correctly cancelled because that transfer was not made
in good faith.   So we may dismiss that part of appel-
lant's appeal without further notice, and devote our time
to a consideration of the correctness of the judgment
cancelling the deed from the father to the son for the
home place.   Before considering this question, however,
a preliminary question is raised.   Appellant insists that
the trial court erred to his prejudice in denying him a
continuance of the case at the term at which it was tried
and judgment rendered.

This litigation has been pending since March, 1913,
but this particular branch of it was commenced in March,
1916.   Appellant insists that he was not afforded a rea-
sonable opportunity in which to take his proof, especially
the deposition of Russell D. Hamilton, and otherwise pre-
pare his case for trial, because the court did not continue
the case at the term at which the judgment was entered.
It appears that the plaintiffs below began to take their
proof in May, 1916, and continued at intervals until May,
1917.   The defendant, now appellant, did not begin tak-
ing depositions until October, 1917, some four months

after plaintiff closed. Several witnesses were called for appellant at that time, but Russell D. Hamilton did not testify in chief. Just why is not made plain by the record. He was, however, called as a witness by the plaintiffs as under cross-examination. In October, 1917, plaintiffs made a motion to submit the case but the case was continued on motion of the defendant to the February term, 1918. At that time the Ohio river was up and the weather was very inclement and no doubt it would have been a very great hardship on the father, who lived several miles away, to have been compelled to attend court for the purpose of giving his evidence. At any rate, the court after due consideration of the motion for a continuance overruled it. Of course, appellant was entitled to the testimony of his father, Russell D. Hamilton, but he was required to use reasonable diligence in obtaining such evidence. No reason is shown why he did not take the deposition of his father during the summer or autumn of 1917. There was ample time in which he could have done so during the good weather. The plaintiff had closed his case some months before. It is argued, however, that counsel for Russell D. Hamilton enlisted in the army and was absent from the court, and that it was necessary to employ new counsel, and this is perhaps the best reason offered by appellant for the continuance. It is shown, however, that two very able lawyers represented appellant at the trial of the case and for some weeks previous thereto. While they did not take the deposition of Russell D. Hamilton and perhaps had little opportunity to do so, he being a party and charged with the exercise of diligence, is not excused. It was his duty to see that his case was prepared at a time when the weather was good and before his leading attorney went away. He had plenty of time. We are convinced from the deposition given by him as under cross-examination, that a deposition in chief by this witnesses would not have been to the advantage of appellant, because he was compelled to admit too many damaging facts. While it is insisted that Russell D. Hamilton would have contradicted much of the evidence given by witnesses for appellees, if he had been afforded the opportunity of testifying in chief, it may be admitted that he has already contradicted practically every material part in the evidence of the witnesses for appellant though in many instances he, when cross-examined, was compelled to admit

many damaging facts. However this may be, appellant, Russell D. Hamilton, who was a defendant below, was not entitled to testify in his own behalf in chief after calling other witnesses. We therefore conclude that the court-did not err in overruling the motion for a continuance.

(2)   Complaint is made that the lands. are adjudged sold as indivisible property. An averment to that effect. is contained in the petition and is not controverted by defendants below. There being no proof upon the subject the court was entirely warranted in adjudging the property indivisible under subsection 1 of section 756, Civil Code of Practice, which permits the chancellor to enter such judgment either upon the pleadings, by agreement of the parties, on affidavits filed, or on report of commissioners. The appellant, Russell D. Hamilton's claim to homestead, however, is fully protected by the judgment.

(3)   It does not appear to us that it can be seriously insisted that the deed from Russell D. Hamilton to Cleveland C. Hamilton of date July 20, 1912, for 102 acres of land commonly known as the home place was supported by a sufficient consideration to sustain a conveyance of this kind against the claims of existing creditors. Brought down to its last analysis the consideration for the deed or sale. recited to be "one dollar and other considerations," was in truth an agreement on the part of the son who was then about twenty-seven years of age, and temporarily residing in the city of Louisville, to return home and live with his parents the remainder of their days. The son was without property except for a deposit of $200.00 in the Two States Bank which failed, sweeping away his entire fortune.   His   father   and mother, besides having a good home, were well surrounded and had a nice sum of money in the bank to their credit. They did not need the aid or support of their son and according to the record in this case did not contract for it nor did he agree to give it in consideration for the conveyance of the farm. The appellants' desire for the companionship of their son was a creditable thing to them, but it was not a valuable consideration as against creditors. Had he agreed to support and care for his father and mother the balance of their lives in consideration of the conveyance, it would equally have failed, because one will not be permitted to convert to his own use and benefit his entire estate to the detriment of his creditors.

Viewed from either angle the transaction was *prima facie* fraudulent as to the creditors of the father. The son without giving any valuable consideration took from his father practically all of his fortune, and with the specific intent, if not avowed purpose, of hindering and delaying the creditors of his father in the collection of their claims against him. The son returned home very shortly after the bank failed. He knew that his father was a director in the bank and must be presumed to have known that as such director he was liable to the creditors of the bank. At any rate, suits were soon instituted by creditors of the bank against his father. The liability of the father to the creditors of the bank had attached long before the conveyance of the home farm to the son. A conveyance, though made in good faith, would not have availed the son against the creditors of the father. Such conveyances between father and son under circumstances like these are looked upon with great disfavor by the courts. This was a voluntary conveyance and in considering this subject we have said:

"Purely voluntary conveyances are *per se* fraudulent as to existing creditors, regardless of the intent of either of the parties or knowledge of the grantee of the existence of his grantor's indebtedness, and the law seems to be that conveyances upon the sole consideration of future support are, at least to the extent that they have not been executed, voluntary ones within this rule."

Walker v. Williamson, Executors, 177 Ky. 599.

Moreover, the lack of valuable consideration for such conveyance is a badge of fraud, which creditors may seize upon as a means of compelling a grantee to disgorge. In the case of Easum v. Pirtle, 81 Ky. 563, we said:

"Inadequacy of consideration is a badge of fraud, and an agreement to support the debtor and his family, although a valuable consideration between the parties to the contract, is not good against creditors"

A stronger case, if possible, is Hamilton v. Preston, 166 Ky. 91, where as said:

"If a party be indebted at the time of a voluntary conveyance of property, such conveyance is presumed to be fraudulent, as to prior debts, and does not depend upon the intentions or circumstances of the party conveying, or the amount conveyed. The law will not permit

an inquiry to be made into these matters, or give them any weight or influence."

All the evidence considered, we are of opinion that neither the conveyance from the father to the son of the home place, nor of the 218-acre tract was a good faith transaction, but they were made for the purpose of defeating the creditors of the bank in the collection of their claim against Russell D. Hamilton as a director of the defunct institution. It, therefore, follows, that the trial court correctly adjudged the two deeds cancelled and the lands subject to the debts of the father.

Judgment affirmed.