## Emma Howell Cox and Husband v. Fink and Jenson.

(Decided September 25, 1923.)

### Appeal from Henderson Circuit Court.

1. Wills—An Estate Tail in Lands Held Granted.—A devise to a daughter in trust for testator's wife during her lifetime, and at her death all the residue to be given to the daughter and to the heirs of her body, held to convey to the daughter, on the death of the widow, an estate tail in the lands, within Ky. Stats., section 2343, converting estates tail into estates in fee simple.

2. Estates Tail—"Estate Tail" Defined.—An "estate tail" is one of inheritance, which can descend only to heirs of the body of the ancestor, and these are proper words of limitation.

3. Deeds—Wills—Will or Deed Construed to Pass Fee.—A deed or will is construed to pass the fee, where such a construction is equally consistent with a limited estate, and there is doubt as to the proper construction.

YEAMAN & YEAMAN for appellants.

VANCE & HEILBRONNER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

By this proceeding under the declaratory judgment law the parties seek a construction of the third paragraph of the last will and testament of Lee Howell, who died a resident of Vanderburg county, in the state of Indiana, on the 3rd day of December, 1917, possessed of a large estate, including a tract of land in Henderson county, Kentucky.

After directing the payment of his just debts the testator directed that a trust fund of $40,000.00 be created from his estate and administered by his executor or an acceptable trust company for the use and benefit of his son, Lee Howell, Jr.   The third paragraph of his will, which is the one in contest, reads as follows:

"All residue of my estate of every kind whatsoever, I give and bequeath to my beloved daughter, Emma Howell Cox, to be held by her in trust for my beloved wife, Emma O. Howell, the interest and earnings of which shall be paid to my said wife during her lifetime, and at her death all the residue thereof, after complying with the provisions hereinbefore set forth, shall be given to my said daughter, Emma Howell Cox, and to the heirs of her body."

The will was probated in the state of Indiana and also in Henderson county, Kentucky. Shortly after its probation the widow died. Not long ago the devisee, Mrs. Cox, entered into a written contract with appellees, Fink and Jenson, whereby she agreed to convey to them the tract of land owned by the testator in Kentucky in consideration of $4,500.00, the contract being conditioned upon her being able to invest her grantees with perfect title. The abstracter declined to approve the title and appellees refused to accept a conveyance from Mrs. Cox and to pay the purchase price. She and her husband thereupon brought this action for a construction of the will and a specific performance of the contract. The chancellor below held that Mrs. Cox took only a life estate in the lands with remainder "to the heirs of her body," and denied the relief prayed. She appeals, insisting that by the terms of the will an estate tail was created which, under section 2343, Kentucky Statutes, is converted into a fee and that she has the complete title and is able to convey to appellees a perfect fee simple title to the lands. This is the only question involved.

A reference to the third clause of the will copied above convinces us that an estate tail in the lands was created. There is nothing in the testamentary paper which indicates that the testator intended to give his daughter, Mrs. Cox, merely a life estate save the words "and to the heirs of her body." She was invested with "all the residue of my estate of every kind whatsoever," subject to the use of the widow during her lifetime; "at her death all the residue thereof (estate), after complying with the provisions hereinbefore set forth," was to pass to appellant Mrs. Cox "and the heirs of her body."

An estate tail is one of inheritance which can descend to certain classes of heirs only. It is necessary that they should be heirs of the body of the ancestor and these are proper words of limitation (Bouvier).

Measured by all the tests the third paragraph of the will attempts to invest Mrs. Cox with an estate tail. Our statute, section 2343, reading: "All estates heretofore or hereafter created which, in former times, would have been deemed estates entailed, shall henceforth be held to be estates in fee simple; and every limitation on such an estate shall be held valid, if the same would be valid when limited upon an estate in fee simple," became operative.

Under this statute we have held that a devise to one and the heirs of his body would, at common law, have

created an estate tail, which, by statute, is converted into a fee. Eggner v. Havekamp, 134 Ky. 224; Bonnycastle v. Lily, 153 Ky. 834; Prescott v. Prescott, 10 B. M. 56.

We also have a rule well established in this jurisdiction which requires that a deed or will be construed to pass the fee where such a construction is equally consistent with a limited estate, and there is a doubt as to the proper construction. That is to say, if the language employed in the deed or will be such as to be open to a construction that would pass a fee simple estate or create an estate tail and is equally susceptible of a construction that will pass a fee, the latter construction will be adopted. Edwards v. Cave, 150 Ky. 272.

Reading the whole will together we find no words that would indicate a purpose on the part of the testator to pass the fee to his grandchildren, save and except the quoted words "and the heirs of her body." These words were sufficient under the common law to have created an estate tail. That being true our statute converted it into a fee simple. It follows that Mrs. Cox is the sole owner of the property which she contracted to convey to appellees and has the power to invest them with all the title which the testator possessed.

For the reason indicated the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.