## Kinnaird et al. v. Farmers' & Merchants' Bank et al.

(Decided June 9, 1933.)

662

E. C. TERRY, A. J. THOMPSON and R. L. SMITH for appellants.

JOHN RICHARDSON and L. R. NUNN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellants, C. H. Kinnaird and Virgie Kinnaird, on December 18, 1928, executed to the Farmers' & Merchants' Bank of Edmonton, Ky., a mortgage on 100 acres of land located in Metcalfe county to secure a loan of $1,715.20 made to them by the bank. The indebtedness was not paid at maturity and this suit was brought to enforce the mortgage lien. The defendants failed to answer and a judgment by default was entered on November 13, 1931. Pursuant to the judgment the master commissioner of the Metcalfe circuit court sold the land on December 28, 1931, and the appellee C. A. England became the purchaser.

On March 27, 1932, appellants filed exceptions to the report of sale which were overruled. C. H. Kinnaird is the son of Virgie Kinnaird who is the widow of W. D. Kinnaird. One of the exceptions asserted that the two infant children of C. H. Kinnaird owned an interest in the 100 acres of land in question by virtue of the will of W. D. Kinnaird and this is the principal ground relied upon for a reversal of the judgment.

> The second clause of W. D. Kinnaird's will reads: "Second, I will and bequeath to my wife Virgie Kinnaird a one third interest in and to the farm on which I now live known as the P. P. Mitchell farm

and containing 131 acres more or less, to have and to hold the said one third interest in and to another farm owned by me and known as the Cook farm and containing 100 acres, more or less, to have and to hold the said one third interest in said farms for and during her natural life."

'And the fourth clause reads:

"Fourth, I will and bequeath unto my son Harry Kinnaird and to his bodily heirs the farm on which he now lives known as the Cook farm containing 100 acres more or less, subject as aforesaid to the life interest of my wife Virgie Kinnaird in one third of same hereby vesting in the said Harry Kinnaird, and his bodily heirs complete title to same, subject as aforesaid to the life interest of my wife, Virgie Kinnaird."

It is contended by appellants that the testator by the phrase, "unto my son, Harry Kinnaird, and to his bodily heirs," intended to, and did, devise to C. H. Kinnaird and his children the farm known as the Cook farm to be owned by them jointly. There are no other expressions in the will tending to throw any light upon the testator's intention. Expressions similar to the one used by W. D. Kinnaird in his will have been before this court for construction in numerous cases and it has been held without exception that the words "bodily heirs," were used as words of limitation rather than words of purchase where there were no other expressions contained in the will throwing any light on the testator's intentions.

Section 2343 of the Kentucky Statutes converts an estate tail into a fee. In Williams v. Ohio Valley Banking & Trust Company, 205 Ky. 807, 266 S. W. 670, 671, the decision of the case turned upon the construction of a deed containing the following provision: "The remainder therein to the said Maria Bethel and to the heirs of her body forever." It was argued that Maria Bethel was conveyed a life estate with remainder to her children or at most a joint estate in her and her children. The court said:

"In applying the familiar provisions of sections 2342 and 2343, Ky. Statutes, it has generally been held in this court that the phrases 'heirs of the

body,' 'heirs lawfully begotten of the body,' and other similar expressions are appropriate words of limitation, and are to be construed as creating an estate tail, which by the statute is converted into a fee-simple estate, unless there be something else in the deed or will from which a reasonable inference can be drawn that the words were used in a different sense from their technical and legal signification.''

To the same effect are Lilly v. Cox, 225 Ky. 355, 9 S. W. (2d) 49; Martin v. Martin, 203 Ky. 712, 262 S. W. 1091; Wilson v. Woodward, 190 Ky. 326, 227 S. W. 446; Scearce v. King, 186 Ky. 507, 217 S. W. 366; Kirby v. Hulette, 174 Ky. 257, 192 S. W. 63; Wright v. Curry, Tunis & Norwood, 163 Ky. 683, 174 S. W. 1; Fox v. Fox, 144 Ky. 632, 139 S. W. 833.

We find no words in the will of W. D. Kinnaird that would indicate a purpose on his part to pass an interest in the land to the children of C. H. Kinnaird except the words, "and to his bodily heirs." These words would have created an estate tail at common law which, under section 2343, Kentucky Statutes, is converted into a fee. That being true, the children of C. H. Kinnaird took no interest in the land under the will.

It was alleged in the petition that the land could not be divided without impairing its value and it was adjudged that it was indivisible and that it be sold as a whole. One of the exceptions to the report of sale challenged the correctness of the judgment in this respect but the allegation of indivisibility in the petition was not denied and the allegation was rightly taken as true. Hamilton v. Cunningham, 186 Ky. 570, 217 S. W. 924; Harris v. Louisville Trust Company, 181 Ky. 659, 205 S. W. 772.

The sale also was excepted to on the ground that the purchase price of $2,900 was grossly inadequate and the defendants stated in their exceptions that if a resale should be ordered they would agree to bid $3,400 for the property. The land was appraised at $3,000 and sold for $2,900. A sale will not be disturbed for mere inadequacy of price unless the inadequacy of price is accompanied by other circumstances tending to show unfairness in the conduct of the sale. No such addi-

tional circumstances appear in this case, nor does it appear that the price paid is clearly disproportionate to the actual value of the property. Under these circumstances the court did not err in refusing to set aside the sale on the ground of the inadequacy of the price. Bean v. Haffendorfer, 84 Ky. 685, 2 S. W. 556, 3 S. W. 138, 8 Ky. Law Rep. 739; Costigan v. Truesdell, 119 Ky. 70, 83 S. W. 98, 26 Ky. Law Rep. 971, 115 Am. St. Rep. 241; Bean v. Johnson, 16 S. W. 140, 13 Ky. Law Rep. 36.

Other minor questions were raised by the exceptions but they are not of sufficient importance to require discussion.

The judgment is affirmed.