# Long, &c. *vs* Duvall and wife.

### Appeal from the Woodford Circuit.

### Wills, construction of.

Judge Breck delivered the opinion of the Court.

The last will and testament of Armistead Long, dec'd. has this provision :

"I do give and bequeath unto my beloved wife, Paulina Long, the following named negroes, which I now own, namely: Charles, Peter, Jim, Cæsar, Abraham, Rachel, Dinah, Easter, Lavina, Dilsey, America, Charles, Malinda, Martha and Mealey, for the term of my said wife's natural life, and at her death, to her heirs forever, except in the event of my said wife's marrying again, and in that case, the said negroes to devolve to the children of my brother Zachariah and their heirs forever—it is understood that the increase of said negroes are to be left as above."

*Clause of the will to be construed.*

The widow of the testator having intermarried with Duvall, the appellants, the children of Zachariah Long, exhibited their bill in chancery, asserting claim to the slaves thus devised, upon the ground that the estate in them devised to the widow, was forfeited by her second marriage, and upon that event, that they immediately *devolved* upon them, the complainants.

*Object of complainant's bill, and order of the Circuit Court.*

Duvall and wife resisted the claim thus set up, and insisted that they had an estate in the slaves for the life of the defendant, Paulina, and the Circuit Judge being of that opinion, dismissed the complainant's bill, without prejudice to another suit after the death of Mrs. Duvall, and they have appealed to this Court.

Long, &c.
*vs*
Duvall & wife.

Parol evidence is sometimes admissible to explain the meaning of the testator, by certain words used, where there is an ambiguity, but not to prove his intention to have been different from what the words fairly import.

"I give to my wife the following named negroes, &c.:" "for the term of my said wife's natural life, and at her death to her heirs forever, except in the event of her marrying again, and in that event to devolve upon the children of my brother Z. L. and their heirs forever." Held not to vest the slaves absolutely in the wife

Before we notice the main question in the case, the construction of the devise, we will dispose of a preliminary one in regard to the rejection by the Court below, of testimony introduced and relied upon by the complainants.

The object of this testimony was to prove that it was the intention of the testator by the clause referred to in his will, that his wife should enjoy no interest in the slaves therein enumerated, after her intermarriage, but from that time they should vest absolutely in the children of his brother Zachariah. This testimony was properly rejected. There is no such ambiguity in the clause in question, which the law permits parol testimony to explain. Parol evidence may sometimes be introduced to explain the meaning of words or to connect them with the proper subject matter, but it is wholly inadmissible to prove that the intention of the testator was different from what the words or expressions import; and it has accordingly been held that the testimony of the attorney who drew the will, could not be received in explanation of an apparent repugnancy in it, and that parol evidence is not admissible to show that the will is drawn different from the instructions of the testator. (See *Powell on Devises. Law Lib. vol.* 21, *p.* 238, *and notes—Ibid,* 273.)

We also concur in opinion with the Circuit Judge, that it was the intention of the testator to give his wife an estate in the slaves during her life, and of which she has not been divested by her second marriage.

It is perfectly evident, we think, that it was not the intention of the testator, in any event, to vest the slaves absolutely in his wife. Had such been his intention, why in express terms give them to her *for the term of her natural life?* Why not in language, which would at once occur to even the most unskilful draftsman, give them to her absolutely, or to dispose of as she pleased, or to her and her heirs forever. But it is further apparent, that he in no event intended her to have but a life estate, from the clause which immediately follows, by which he disposes of the slaves, or at any rate attempts to dispose of them after her death. *And at her death,* what then? *To her heirs forever,* or, supplying the elipsis, I give them to

her heirs forever, or they are to go to her heirs forever, except in the event of my wife's marrying again, and in that case they are to devolve upon the children of my brother Zachariah. Clearly intending, as we think, in the event his wife should marry again, to change the direction or devolution of the slaves at her death, from her heirs to the children of his brother. If then the devise gives the wife in no event but a life estate, and also disposes of the estate in remainder, it seems to us that the forfeiture by the marriage of the wife, applied only to the proximate estate, or the estate in remainder, and such we understand to be the settled rule of construction.

LONG, &c.
vs
DUVALL & WIFE.

in *any event*, but to vest them in her heirs if she did not marry, and in the heirs of Z. L. if she did marry.

But it is contended, that according to an arbitrary, but well settled rule of construction, the terms of the bequest vest in the wife an absolute fee simple estate, subject only to be affected by her marrying again, and in that case, there being but one estate, the whole would be forfeited, and devolve upon the children of Zachariah Long.

Whether the rule in the celebrated case of Shelley, applies as insisted, in a case like this, and should control the intention of the testator, and vest in the wife a fee simple, instead of an estate for life only, or whether any other rule of construction would have that effect, we deem it unimportant to inquire or decide. For even if that were conceded, the result, in view of the whole devise, would be the same, as we are of opinion the testator intended, should his wife marry again, that the slaves at her death *only*, should devolve upon the children of his brother, instead of her heirs. This construction is not inconsistent with the rule contended for. The intention of the testator is carried out by construing the marriage as a limitation of the estate in the wife to one for life only.

We cannot suppose that a forfeiture of the entire estate was intended. If so, why give the wife, in express terms, an estate for life? Why create or attempt to create, a separate estate in remainder in her heirs? Why not limit the interest in his wife, to her widowhood—terms of limitation for that purpose in very common use? Besides, there is nothing in the residue of the will tending to raise a doubt that we have mistaken the intention of

the testator in the construction which we have given to the clause in question.

Wherefore, the decree is affirmed.

*W. B. & G. B. Kinkead* for appellants: *Morehead & Reed and Woolley* for appellees.