CASE 53—EQUITY—October 16, 1883.

# Henry's ex'r, &c., v. Henry's ex'r.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

1. The circumstances surrounding the testator when his will was executed, and bearing thereon, should be considered when there is either ambiguity or uncertainty of meaning in its language.
2. The word "including," following the devise of fourteen thousand dollars, must be construed as embracing a part of that sum, and not that the notes are to pass in addition to it.
3. A testator having in his possession property of another to whom he makes a devise of a specific sum, may provide that the sum may be reduced by the amount of the property so held by him.

W. P. ROSS AND WM. LINDSAY FOR APPELLANT.

1. The presumption is, that the testator knew the value of his estate, and knew that if he gave to his widow the furniture, the $14,000, and the notes executed to her, there would be absolutely nothing left for his children.
2. According to the recognized lexicographers, the word include means "to inclose; to surround; to comprise; to comprehend."
3. To say that the United States has had four presidents named "James," including James Buchanan, would not mean that there had been five presidents of that name; yet such would be the purport of the language if "including" be a word of addition.
4. It is competent to show what testator possessed when he made the will, in order to arrive at his intention concerning his widow and children.

THOMAS F. HARGIS, REID & STONE, AND W. P. D. BUSH FOR APPELLEE.

1. The proof shows that the testator received from his wife more than $18,000 in money and notes, and agreed to loan it out and take notes in her name. He failed to discharge his promise except as to $2,500 of notes, which were in his wife's name when he died.
2. His object was to restore to his widow this money.
3. The second clause of the will was properly construed by the circuit court.
4. The word "including" is a word of addition. It points to the notes separately from the $14,000.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

The question presented is the construction of the following will:

" I, R. D. Henry, of the county of Nicholas and state of Kentucky, being of sound and disposing mind and memory, do make and publish my last will and testament in manner and form as follows: 1st. It is my will that all my just debts, my funeral expenses, and the costs and charges resulting from the settlement of my affairs, be paid out of my estate. 2d. I devise and bequeath to my wife Martha A. Henry all the household and kitchen furniture and the sum of fourteen thousand dollars including all notes in her name to be paid to her so soon as they can be collected, the balance of my estate to be equally divided between my three children, W. T. Henry, G. W. Henry, and Mary F. Adair, and lastly I nominate and appoint my son Wm. T. Henry executor of my will."

Whether Mrs. Henry is entitled to the fourteen thousand dollars, and, in addition, the notes in her name, is the issue.

The facts and circumstances surrounding the testator at the time of the execution of the will, and bearing in any way thereon, are competent and proper to be considered when there is ambiguity or uncertainty of meaning in the language used by the testator. The facts and circumstances here are: When the testator married Mrs. Henry, he was a widower with three children, having been twice married, having two children by one marriage and one by the other. He was worth about eight thousand dollars, principally, if not entirely, in personalty. Mrs. Henry was a widow with one child, and was worth about eighteen thousand dollars, four thousand dollars of which was in personalty. The whole estate of the testator will amount to about nineteen thousand dollars, including the notes in the name of Mrs. Henry, which amount to about three thousand dollars.

Appellee sets up an ante-nuptial contract, by which it is alleged that the testator undertook that appellee should own as her separate estate all personalty owned by her, and that the proceeds of any such should be held and loaned out by the testator for and on account of appellee, and that the proceeds of her lands, subsequently sold, were to be so held by the testator.

Appellee's personal estate was sold after the marriage, and yielded about four thousand dollars, and the real estate being sold, yielded fourteen thousand dollars.

The evidence fails to establish the ante-nuptial contract as to the personal property which went into the hands of, and was reduced to possession by, the testator; but it is shown that, prior to the sale of the land, and as a condition to the consent of appellee to the sale, it was agreed between the testator and appellee that the proceeds should be held by the testator, loaned out and used for her benefit as her separate property.

The word "including," following the devise of fourteen thousand dollars, considered in its ordinary and generally accepted meaning, is to be construed as embracing or constituting a part of the fourteen thousand dollars, and not that the notes are to pass in *addition* to the fourteen thousand dollars. The expression: "I devise and bequeath . . . all the household *and* kitchen furniture, *and* the sum of fourteen thousand dollars," shows that the testator knew how to use language expressive of accumulation when he so desired. As the testator is presumed to have known the condition of his estate, and that, if the fourteen thousand dollars *and* the notes were to go to appellee, there would be comparatively nothing for his children, the devise of the remainder to his children is a strong presumption in favor

of the construction that the notes were to be a part of the fourteen thousand dollars devise, and not in addition thereto.

It is true that the notes, being in the name of appellee, never having been collected and reduced to possession by the testator, remained the property of appellee, but there can be no question that a testator, having in his possession property of one to whom he makes a devise of a specific sum, may provide that the sum shall be reduced by the amount of the property of the devisee held by him. So that it is, at last, only a question of intention, and that intention appearing in this case from the language of the will, and not modified by the surrounding circumstances, to be that appellee shall have only the sum of fourteen thousand dollars, to be paid in part by the notes held by the testator, and made payable to appellee—the judgment is reversed, and cause remanded, with directions for further proceedings consistent with this opinion.

Chief Justice Hargis not sitting.