CASE 97—PETITION EQUITY—SEPTEMBER 16.

# Tuttle, &c., v. Berryman.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

WHERE A PAPER REFERRED TO BY A TESTATOR AS A PART OF HIS WILL
IS CLEARLY AND CERTAINLY IDENTIFIED, it is not necessary that it
should be probated and recorded with the will in order to give it,
effect as a part of the will. But a testator having provided in his
will for a division of his lands among his children in accordance ·
with "deeds" which he refers to as having been made by him, mere
memoranda made by a surveyor and not signed by the testator can
not be identified by parol testimony as the "deeds" intended by the ·
testator, as this would be to change by parol testimony the entire
character of the instrument referred to as a part of the will.

ISAAC N. CARDWELL FOR APPELLANTS.

1. The devisees having all consented to the probate of the will, and each
   having taken possession of his portion of the land as laid off to him
   by his father, it is now too late to complain.
2. If the appellees desired or intended after the probate of the will to·
   move to set aside or vacate the will or any of its provisions, they
   should have done so by appeal to the circuit court where a jury
   should have been empaneled to try whether or how much of the··
   paper is or is not the last will of James Shepherd. (Gen. Stats.,
   chap. 113, sec. 25.)
3. The judgment admitting the will to probate is conclusive as long as it
   remains in force. (Abbott v. Taylor, 11 Bush, 335; Walters v. Rat-
   liff, 5 Bush, 577; Womack v. Watson, 4 Ky. Law Rep., 907.)

HAGGARD & BENTON FOR APPELLEES.

1. If the memoranda to which the answer refers can be identified with
   sufficient certainty to give them validity and effect as parts of a will,
   they should have been produced, proved and admitted to probate
   with and as a part of the instrument which was signed by the testa-
   tor. (Schouler on Wills, sec. 281; Newton v. Seaman's Friend So-
   ciety, 130 Mass., 91.)
2. Before any document can be incorporated in the probate of a will
   three things are necessary : (1) That the will should refer to the··
   document as then in existence; (2) proof that the document pro-
   pounded was in fact written before the will was made, and (3) proof'
   of the identity of such document with that referred to in the will.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

James Shepherd, at his death, left a last will and testament and three children surviving him. This action below was instituted to have his will construed. The provision from which the litigation arises is as follows: "And at my death, and the death of my wife, Susan, this two hundred and forty-five acres of land I have made deeds to my three children, giving corners and lines *as the deeds describe*, and at our death they are to have peaceable possession of their land *described in deeds.*"

The widow of the testator died, and the plaintiff, one of the children, seeks by this petition a partition of the land in equal parts, alleging that no deeds were ever made. The appellants answer and say that the draftsman of the will made, at the time it was written, memoranda of the location, quantity and boundary of each child's portion, and the memoranda were what the devisor termed deeds; and, further, that the appellee had entered and cultivated his part as designated by the memoranda for one year. There was a demurrer to the answer and the demurrer sustained and a partition ordered.

It is contended in argument for the plaintiff that a writing referred to in the will, so as to be made part of it, must be recorded or probated with the will itself, so as to make it effectual. We do not understand this to be the rule. A paper executed that is signed by the testator, or if unexecuted, as in this case, must be so described by the will itself as to leave no doubt in the mind of the chancellor that it is the paper referred to. It must be clearly

and certainly identified. The will being properly attested and admitted to probate establishes the paper as a part of that instrument; it refers to it, and the probate incorporates it as part of the will. (Redfield on Wills, vol. 1, page 264.) We must, however, concur with the court below in his ruling sustaining the demurrer.

The memoranda were made by the draftsman; were never signed by the testator; no deeds were ever executed, and to admit testimony that mere memoranda were intended as a deed, would be to contradict the express language of the will itself. Parol testimony that changes the entire character of the instrument referred to in the will, would be dangerous in its character and enable any paper to be substituted as the one referred to by the testator.

It is immaterial what the intention of the devisor may have been; for it is often easy to show by parol, if such testimony was admissible, that the testator intended to do that which is directly the reverse of his intention as expressed in the will itself. And while the testator may have designed to make a division of this land in his life-time, and perfect the title in his children, still he failed to do so, and proof of the making of mere memoranda by the draftsman or surveyor as evidence of title in the children, when the will says that deeds had been made, would be identifying and making a part of testator's will a writing that in no manner corresponds with that referred to in that instrument. It was no doubt the intention of the testator to make deeds and leave his children with a title to the land referred to in the memoranda.

It was something to be executed in the future. He may have changed this purpose, and concluded to let an equal division be made, as he no doubt attempted himself to do. The will is intelligently written. Both the draftsman and the testator must have known that these memoranda on a paper by one other than the testator and not signed by him, were not a deed or a bond for title, and it is plain that the probate did not carry with it and make part of the will the memoranda made by the draftsman.

Judgment affirmed.