## Sauer, et al. v. Taylor's Executor, et al.

(Decided June 6, 1919.)

### Appeal from Bourbon Circuit Court.

1. Wills—Construction—Intention of Testator.—In the construction of a will, the intention of the testator to be gathered from the

instrument, must control, and other rules of construction, must give way to the manifest intentions of the testator, if they lead to a different result.

2.   Wills—Construction—Interpretation.—Where a clause or term in a will is ambiguous, the motives which can be reasonably supposed to have actuated the testator, the purpose of making the will, the relations between the testator and devisees, and the nature and extent of the property may be called in to aid the language in ascertaining the intentions of the testator.

3.   Wills—Clause of—Intention of Testator.—Effect should be given to each clause of a will, if the intention of the testator therein expressed is not contrary to law

4.   Wills—Intention of Testator.—When in the construction of a will, it becomes necessary to effectuate the intentions of the testator, words, and sometimes, sentences, may be transposed, words and phrases discarded, words may be substituted for words used and the language of the will changed.

TALBOTT and WHITLEY for appellants, Sauer and W. L. Bramblett.

DENIS DUNDON for appellants, Caldwell and Whaley.

GEORGE BATTERTON for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The last will and testament of Duncan Taylor, deceased, was probated in the county court of Bourbon, on July 12, 1918. The entire instrument is as follows:

"I hereby bequeath my entire estate, both real and personal, to my daughter, Sara Winifred Taylor Chapple. I ask the court to appoint my brother, William M. Taylor, administrator of my estate, without bond, also, to appoint William M. Taylor, guardian for my daughter without bond, and to give him power of attorney to sell and handle said property.

"This is my last and only will.

"August 5, 1918.               "DUNCAN TAYLOR.

"Witnesses:

"GEORGE R. BELL,

"MRS WINNIE D. FORD."

When the will was probated, the county court was of the opinion, that the term "administrator" as used in the will, was used in the sense of executor, and was so meant and intended by the testator, and permitted Wm. M. Taylor to qualify as executor of the will and to proceed to execute its provisions. The testator, at the time

of his death, was the owner of an undivided one-third, in certain lands, of which his brothers, Wm. M. and L. W. Taylor, were the owners of the other undivided interests.

Since assuming the duties of executor, Wm. M. Taylor, as executor and in his own right, and in conjunction with his brother, who owns the other undivided interest in the lands, have entered into executory contracts of sale of the lands, by which they have sold the lands to the appellants, who have refused to accept deeds for or to pay the prices agreed for same, in accordance with the contracts. The circuit court adjudged, that appellees had tendered deeds to appellants, in accordance with the contracts, and that appellants should pay the prices agreed upon for a conveyance of the lands. The vendees appeal, and insist, that William M. Taylor, as executor of Duncan Taylor, is not authorized to sell and convey the undivided interest in the lands owned by the testator, and in fact, that the will did not nominate him as an executor, and that his appointment as such was not authorized. Hence, two issues are presented by the record, here, for decision.

(1) Does the will nominate William M. Taylor as its executor, and was the action of the county court, in appointing him as executor and permitting him to qualify as such, authorized and valid?

(2) Does the will empower an executor of it, or an administrator of it, with the will annexed, to make a valid sale and conveyance of testator's interest in the lands? They will be considered in their order, and first, should the term, "administrator" as used in the will, be construed to be "executor," and to have been used by the testator in the sense of executor and to have been so meant and intended by him?

This question, we think, should be answered in the affirmative. The instrument was evidently drafted by a layman, who was unacquainted with legal terms, and whose knowledge did not fully comprehend the definite lines upon which the power of a personal representative must be acquired and must proceed, in the matters connected with the administration of an estate, and did not differentiate between an administrator and an executor. As has been said so many times, by this court, and other courts, and so often declared by text writers, the inten-

tion of a testator must be effectuated, if it can be gathered from the language of the instrument, when there are no latent ambiguities. This intention must prevail in all cases, unless the intention is one contrary to law, and other rules of construction must give way, if they lead to a result contrary to the manifest intention of the testator. Watkins v. Bennett, 170 Ky. 469; Carroll v. Cave Hill Cemetery Co., 172 Ky. 204; Anderson v. Hall, 80 Ky. 91; Patrick v. Patrick, 135 Ky. 307; Bayless v. Prescott, 79 Ky. 252; Thackston v. Watson, 84 Ky. 206; Cook v. Hart, 135 Ky. 650, and many others.

In ascertaining the intentions of a testator, the entire will may be looked to, and every portion of it read and considered with the whole. Duncan v. Berry's Admr., 142 Ky. 178; Gray v. Garnett, 148 Ky. 34; Hanna v. Prewitt, 153 Ky. 310; Watkins v. Bennett, *supra.*

Where the will is in plain and unambiguous language, the intention must be ascertained from the language of the will itself, and parol, or other extrinsic evidence is not admissible to show an intention, which is different from that expressed in the will. Tuttle v. Berryman, 94 Ky. 553; Long v. Duvall, 6 B. M. 219; Mudd v. Mullican, 12 S. W. 263; Carroll v. Cave Hill Cemetery Co., *supra.* But where a clause in a will is ambiguous, or a term, used, is ambiguous, "the motives which can reasonably be supposed to have actuated the testator, the purpose of making the will, the relations between the testator and devisees, and the nature and extent of the property, may be called in to assist the language in ascertaining the intentions of the testator." Carroll v. Cave Hill Cemetery Co., *supra;* Watkins v. Bennett, *supra;* Henry v. Henry, 81 Ky. 342; Levy's Extrx. v. Leeds, 151 Ky. 56. The testator in the instant will, first devises to his daughter the entire estate, then he nominates his brother as "administrator" of the estate, and appoints him guardian for his daughter, and requests, that he be permitted to qualify in each position, "without bond," and then, requests the court to give his brother authority to "sell and handle" the property. It is a matter of common knowledge, that an administrator can not sell and has no duty to control the real estate of the decedent. While he can do so, it is very unusual and uncommon, for a testator, or any other person expecting to die, to request the appointment, by a court, of any particular person, as his

administrator. No obligation would rest upon the court to grant such a request, and in fact, the statute provides, the order of precedence among persons, who shall have a right to the office of administrator. While an administrator with a will annexed is clothed with the powers of an executor, and may sell and convey real estate, if authorized, by the terms of the will, to do so, section 3892, Ky. Stats., it is very clear, that the testator did not have in mind the mere nomination of an administrator of his estate, because such person would not, and could not be authorized to sell and convey the real estate, by any court, and an administrator appointed by the court, under the statute, would have the same powers, as one, nominated by the testator. The manifest intention of the testator, was to nominate a personal representative, who would be clothed with the powers, delegated to him by the will, among which, was the power to sell and dispose of all his property, including the real property. He was doing the usual thing, when a testator desires a particular person for the executor of his will—that is, he was nominating him in his will, and, if it should be construed, that he was intending his brother to be an administrator, he was doing an unusual and altogether a fruitless thing. It is very clear, that it was the testator's intention to nominate William M. Taylor, as the executor of his will—that is, the person to be clothed with the powers to execute the will. In the construction of a will, when it becomes necessary to effectuate the intention of the testator, words, and sometimes sentences, may be transposed, words may be cast away, and phrases discarded, or the language, used in the will, may be changed and words may be substituted for others. Cecil v. Cecil, 161 Ky. 419; Dockery v. Dockery, 170 Ky. 194; Hunt v. Johnson, 10 B. M. 344; Aulick v. Wallace, 12 Bush 533; Barclay v. Dufey, 6 B. M. 93. It may be added, that there is no warrant for changing the language, or discarding phrases or sentences or words, or transposing words or sentences, or substituting words for words used, except to carry out the purpose and intention of the testator. In the instant case, that the testator used the word, "administrator" in the sense of "executor" and meant and intended thereby an executor, seems beyond doubt, and hence, the county court, was correct in so construing the will.

(b)   Whether the will gives authority to the executor
of it to sell and convey the real estate, it will be observed,
that the sole devisee is an infant. The executor was ap-
pointed, in the will, the guardian of the devisee.   The
evident purpose of the testator, was to dispose of, and
administer the estate, with a minimum of costs and lit-
igation.   He had the greatest confidence, in the judgment
and integrity of the executor, nominated by him, as he
requested, that the court should permit him to qualify
without the giving of security for the execution of the
trusts. The devisee of the property under the will, would
have inherited it, under the laws of descent.   We must
necessarily conclude, that the testator had purposes and
intentions, in the execution of his will, and things, which
he desired to be done, which would not otherwise be ac-
complished.   If the power to sell and convey the property,
was not given to the executor by the will, the only thing
accomplished by the testator, by making a will, was to
appoint a guardian for his daughter.   A meaning should
not be denied to the greater portion of the will, or in fact,
to any part of it, unless it is necessary to do so, and
only because a construction in accordance with the inten-
tions of the testator can not be had.   Patrick v. Patrick,
135 Ky. 307; Duncan v. Berry, 142 Ky. 178; Baird v.
Rowan, 1 Mar. 217; Morse v. Cross, 17 B. M. 740; Augus-
tus v. Seabolt, 3 Met. 159.   Each item of a will ought to
be upheld, if consistent with the fair intendment of the
testator.   The will requests the court to give the executor
"power of attorney to sell and handle the property."
In light of the fact, that the county court was without
authority to decree a sale of the real estate, and the cir-
cuit court could only do so, by a decree to be obtained,
by a suit, wherein certain necessary and essential facts
must be shown, and which can be done as well without an
executor of the estate as with one, if it is held, that the
executor may not sell and convey the property, the will
accomplished nothing, except to name a guardian for the
daughter of testator, and the remainder of the will, is
futile.   The testator manifestly intended to clothe the
executor with the power to sell, and his request of the
court to give him that power probably meant, only to
permit the executor to qualify as such.   It will be ob-
served, that the will requests the court to permit the
executor to qualify "without bond."   This is the popular

expression upon that subject, and is universally held to mean, that he may be permitted to qualify, without giving surety, in his bond, as the statute explicitly requires the execution of bond, in every instance of the qualification of an executor.  We conclude, that the executor is empowered by the will to sell the lands of decedent, at his discretion, and the power to sell, includes all the powers necessary to make the sale effectual, and in the instant case, the right to the possession of the proceeds, being in the executor, "to handle the property" as expressed in the will, the right and power to convey, is included in the power to sell.  Preusser v. Terry, 13 R 25; Marrett v. Babb., 91 Ky. 88.

The judgment is therefore affirmed.