## Martin, etc. v. Palmer, etc.

(Decided November 22, 1921.)

### Appeal from Hopkins Circuit Court.

1. Wills—Devise in Fee—Limitation Over.—A devise to one, generally or indefinitely, with an unlimited power of disposition, is

a devise in fee, and a limitation over of whatever remains undis-
posed of, at the death of the devisee, in fee, is void.

2.    Wills—Devise for Life—Limitation Over.—A devise to one for life,
with a power of disposition, a limitation over of what remained
at the death of the life tenant, is valid.

3.    Wills—Verbal Declarations of Testator.—Verbal declarations of
a testator, as to how he intended to dispose of his property, be-
fore the making of a will, or as to what disposition he had made of
it by will, after the making of a will, are not competent to be con-
sidered, in the interpretation of the written will, where the gen-
uineness of the will is not in question.

4.    Wills—Construction.—All of the clauses of a will should be con-
strued in harmony with the intent of the testator, unless to do so,
would do violence to the provisions construed according to the
accepted meaning of the language used.

5.    Wills—Construction—Ambiguity.—Where the language of a will
does not create any ambiguity, it should be construed according
to the express meaning and the literal import of its language.

H. F S. BAILEY for appellant.

FOX & GORDON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Re-
versing.

John Palmer, the testator, died in January, 1920,
leaving a last will and testament, which was duly pro-
bated after his death.   The will is as follows, viz.:

"I, John Palmer, considering the uncertainty of this
life, and being of sound mind and memory, do make and
publish this, my last will and testament, in the manner
and form following:

"First.   I give, *device* and bequeath to my beloved
wife, Margaret M. Palmer, in trust for our granddaugh-
ter, and adopted daughter, Margaret Irene Martin, my
house and lot, all furniture, pictures, souvenirs, dishes,
all goods and chattels of what kind and nature soever.
Also my half *intrest* in 25 acres of land situated in Cald-
well county, Ky.   Also all money I may have in bank, or
invested otherwise, and insurance, if any of which I
may be the beneficiary.

"To have and to hold all the above property to the
sole and proper use of same, in trust for our granddaugh-
ter and adopted daughter, Margaret Irene Martin.   And
I name my wife, Margaret M. Palmer, administrator of
the above property during her life.   Upon the death of
my wife, said Margaret M. Palmer, (should I be first *dis-
eased*) all property, money or insurance, &c., whatever

kind remaining I give, devise and bequeath to our *grandauter* and adopted *dauter*, Margaret Irene Martin, for her sole use and benefit.

"And I name W. J. Faulls of St. Charles and Richard Palmer of Dawson Springs as guardians and *administerators* until said Margaret Irene Martin is 21 years of age."

The appellee, Margaret M. Palmer, qualified as administratrix, with the will annexed, and thereafter she filed this suit seeking a construction of the will for the purpose of determining what estate, if any, she had under the will, in the property of the testator. Margaret Irene Martin, the appellant, was made a defendant in the suit. The circuit court adjudged that the will "does devise and bequeath to the said Margaret M. Palmer, all the property mentioned in said will, to be her property to hold, use and sell and convey same as she may see fit," and at her death, if any of the property then remains undisposed of, such portion shall become the property of Margaret Irene Martin. From the judgment, the guardian *ad litem* of Margaret Irene Martin has appealed.

At the outset, it must be said, if it should be conceded that the provisions of the will give to Margaret M. Palmer, in her individual capacity, an estate of any kind, the court has placed upon the will a construction of which no will is susceptible, as we apprehend. It has here adjudged that she has an absolute estate in fee in the property mentioned in the will. It has been continuously and uniformly held that if property is devised to one, generally or indefinitely, with a power to dispose of it as the devisee sees fit, it is a gift in fee and a limitation over of what remains undisposed of at the death of the devisee to whom an absolute estate is given, is void. So if the will does make a gift in fee of the property to Margaret M. Palmer, and such an estate, the court construes the will to give here with an unlimited power of disposition, is a gift in fee, the limitation over of what remained undisposed of is obliged to be void. Clay v. Chenault, 10 R. 779; Dulaney v. Dulaney, 25 R. 659; Trustees Presbyterian Church v. Mize, 181 Ky. 571; Becker v. Roth, 132 Ky. 429; Barth v. Barth, 18 K. L. R. 840; Moore v. Webb, 2 B. M. 282; Dills v. Adams, 19 K. L. R. 1169. Where a life estate is devised with a power of disposition, though unlimited, a limitation over of what remains undisposed of at the end of the life estate, is valid. Pedigo's Extr. v. Botts, etc., 28 K. L. R. 196; Coates' Admr. v.

L. & N. R. R. Co., 92 Ky 263; McCullough v. Anderson, 90 Ky. 126. Hence it is clear that if the court was correct in adjudging that the property was devised to the appellee, generally and indefinitely, with absolute power of disposition, the appellant, Margaret Irene Martin, could have no interest in the property whatever, and any limitation over to her of the portion undisposed of by the appellee was void, and upon the other hand if the limitation over to the appellant is valid, an estate in fee was not given to the appellee by the will, and it could not exceed an estate for life with power of disposition, but either construction of the will it must be conceded is contrary to all of its provisions, if the language is given its usual meaning and significance.

The statement, which it is agreed, that several persons will make as to what disposition of his property the testator said that he was going to make before making the will, and what disposition he said that he had made of his property after making the will, cannot be considered as shedding any light upon the meaning of the language he did use in disposing of his property by the will. A last will and testament is required to be in writing, and the intentions of the testator are ascertained from the written instrument. If verbal declarations of a testator were admissible in interpreting a will, it can be readily seen that the proof of such declarations might result in an entire change of the intentions of the testator as expressed in the will, and he being dead would be unable to deny or explain any declaration which it was proven that he had made, and his actual intention as expressed in writing would be thwarted. Long v. Duvall, 6 B. M. 219; Allan v. VanMeter, 1 Met. 264; Stephen v. Walker, 8 B. M. 600; Jackson v. Payne's Heirs, 2 Met. 567; Caldwell v. Caldwell, 7 Bush 515; McConley v. Buckner, 87 Ky. 191; Mitchell v. Walker, 17 B. M. 61; Mudd v. Mullican, 11 K. L. R. 417; McBrayer v. McBrayer's Extx., 95 Ky. 475.

It is gathered from the petition and the will that Margaret M. Palmer was the wife of the testator, and Margaret Irene Martin was his granddaughter and only heir, and that the property mentioned in the will was his entire estate. It is not shown whether or not the wife was the owner of any estate of her own, or whether the granddaughter was or was not the owner of any estate. When from the language of the will the intention of the testator is ambiguous and difficult to ascertain, such actual ex-

traneous facts as those above mentioned may be looked to in order that the court may put itself in the situation of the testator to assist in the ascertainment of his intentions. In this instance, however, the language of the will does not make the meaning of the testator ambiguous, and the literal import of the words used is not difficult of ascertainment. If we had had the making of this will, doubtless we would have made him one different from the one he made, but the making of his will was his right and our province is to construe it and determine what his intentions were from the language made use of by him. The testator seems not to have had an accurate meaning of the term "administrator," but it is clear from the entire will the meaning which he attributed to that legal term. He plainly devised all of his estate to his wife as a trustee for his granddaughter, and if the ordinary meaning of the language, he made use of, is to be given to it, his intention was to devise the beneficial interest of all of his property to his granddaughter, and when the entire will is examined, there is no expression in it which can be twisted into any intention on his part to devise anything to his wife, or otherwise than as a mere trustee. The language is "I give, *device* and bequeath to my beloved wife, Margaret M. Palmer, in trust for our granddaughter and adopted daughter, Margaret Irene Martin, my house and lot, etc.," and he further says "to have and to hold all the above property to the sole and proper use of same in trust for our granddaughter, etc." This is followed by the appointment of his wife as "*administrator*" of the property during her lifetime, which is a trust relation, and the term was evidently used by him in the meaning of a trustee, consistently with the previous devise of his property to his wife in trust for the granddaughter. It is insisted, however, that the next sentence or clause of the will is repugnant to the foregoing provisions, and that it should prevail over the first quoted provisions which devise the property to the wife, as a trustee for the granddaughter. It is a sound contention that where clauses of a will are irreconcilably repugnant, the latter must prevail. Hunt v. Johnson, 10 B. M. 342; Nelson v. Nelson, 2 K. L. R. 63; Guthrie v. Turner, 14 K. L. R. 336. It is, however, impossible to see where this clause bears any repugnancy to the previous provisions. The clause relied upon, as being repugnant to the provisions of the will which devises the property to the wife as a trustee for the granddaughter, is as follows:

"Upon the death of my wife, said Margaret M. Palmer, (should I be first *diseased*) all property, money or insurance, &c., whatever kind remaining, I give, devise and bequeath to our *grandauter* and adopted *dauter,* Margaret Irene Martin, for her sole use and benefit." This sentence, however, does not contain any language which creates an intimation of an intention that he had or intended to devise anything to the wife. The language "whatever kind remaining," necessarily refers to the diminution of the property that would follow the execution of the trust which testator had created, and the remaining words "I give, devise and bequeath, etc.," was but a reiteration of his intention that the granddaughter should be the beneficiary of his property, and should receive it free of the trust at the death of the wife, The last clause of the will provides a guardianship for Margaret Irene Martin, if her grandmother should die before she arrives at the age of 21 years. Hence no repugnancy exists between the clauses of the will, all the parts of which must be made to harmonize in accordance with the intent of the testator, if it can be done without violence to its provisions. Moran v. Dillehay, 8 Bush 434; Coates' Admr. v. L. & N. R. R. Co., 92 Ky. 263. Hence the express words of the will, and their literal import are not controlled by any other language used in it, and the intention of the testator must be necessarily ascertained from the literal import of the words. Griffith v. Coleman, 5 J. J. M. 600; Anderson v. Hall, 80 Ky. 91. Hence the testator devised all of his property to his wife as a trustee for his granddaughter to be held by the wife in trust for the granddaughter as long as the wife lived. At the death of the wife the trusteeship in her ceased, and the granddaughter became in control and possession of the property, and unless the death of the wife occurred before the granddaughter arrived at the age of 21 years, when Faulls and Palmer were designated to be her guardians, until she should reach her majority, and no other estate than a trusteeship is given to the wife in the property.

The judgment is therefore reversed and cause remanded for proceedings consistent with this opinion.