## Jett, et al. v. Cheek.

(Decided January 15, 1924.)

### Appeal from Bourbon Circuit Court.

1.  Wills—Devisee Held to Take Fee Simple Title.—A will, "I give to my daughter . . . to her and the heirs of her body, with the privilege of willing it to any of my heirs she may see proper," held to give such daughter a fee simple title, in view of Kentucky Statutes, section 2343.

2.  Wills—Devise of Life Estate Without Limitation Over.—The presumption is that a testator intends to dispose of his entire estate, and, while it is not essential to the creation of a life estate in the first taker for the testator to dispose of the remainder, it is usual and customary, and his failure to do so is a circumstance that to some extent negatives the theory that he intended to create a life estate.

3.  Wills—Authorizing Daughter to Execute Will Not Inconsistent with Fee Simple.—Giving daughter right to will property devised

to her was not inconsistent with an estate in fee simple, where at the time of the execution of will married women were not authorized by the laws of the state to execute wills, since it might be that testator intended to confer this power as an additional right in the land in the event of his daughter's marriage.

4. Wills—Law Favors Vesting of Estates.—The law favors the vesting of estates, and, if there is a question of doubt as to testator's intention, construction should be adopted which passes fee.

VIRGIL CHAPMAN, DAVID D. CLINE and TALBOTT & WHITLEY for appellants.

NELSON D. RODES, E. M. DICKSON. and WILLIAM GRANNAN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This suit under the "declaratory judgment act" seeks the construction of the will of James Ingles in which he devised to his daughter, Elizabeth, now Elizabeth Cheek, certain real estate in Paris, Kentucky, the will being probated in 1887.

A short time since Elizabeth Cheek and her husband, Frank Cheek, had a public sale of this property and tendered deeds therefor to the various purchasers, all of which were refused on the theory that the will did not invest Elizabeth Ingles with a fee simple title to the property in question.

The only part of the will necessary to be considered is the following clause:

"I give to my daughter, Lizzie A. Ingles, the house and premises as now inclosed and occupied by John Atchison; also the house and premises as now inclosed and occupied by Caldwell and Mr. Davis; also the house and premises as now inclosed and occupied by Thomas Davis, to her and the heirs of her body, with the privilege of willing it to any of my heirs she may see proper to be valued when she receives it. I appoint my wife, Mary D. Ingles, as her trustee, requiring no security; any money she may receive from my estate is to be invested in real estate or stocks."

It appears that the provision for valuation was to enable the executors to equalize the various devisees in the final distribution by a division of the personalty, and that the one as to the appointment of a trustee related also to the personalty, and neither of these has any effect upon the character of the estate devised in this clause.

Eliminating these features, the language, "I give to my daughter Lizzie A. Ingles . . . to her and the heirs of her body," would under the common law create an estate tail, which by our statutes, section 2343, is converted into a fee simple title. But it is claimed that the phrase, "with the privilege of willing it to any of my heirs she sees proper," qualifies the preceding clause and implies that the testator intended to give his daughter a life estate only with power of disposition to a certain class, to-wit, to any one of his heirs; and at least, he did not intend to invest her with a fee simple title.

Of course if all the language taken together shows that a life estate only was intended such construction should prevail, but it will be observed that otherwise the will neither refers to nor disposes of a remainder. The presumption is that a testator intends to dispose of his entire estate, and while it is not essential to the creation of a life estate in the first taker for the testator to dispose of the remainder, it is usual and customary and his failure to do so is a circumstance that to some extent negatives the theory that he intended to create a life estate. Again, at the time the will was written, married women were not authorized by the laws of this state to execute wills, and it may be that the testator intended to confer this power as an additional right in the land in the event of his daughter's marriage, which is consistent with an estate in fee simple.

As suggested above the language first quoted taken alone is sufficient to create a fee, and if such is thereby given it cannot be limited by the subsequent clause, and we might reasonably conclude that the testator attempted to do this.

The law favors the vesting of estates, and if it could be said that it was a question of doubt as to the testator's intention the construction should be adopted which passes the fee. Ewards, et al. v. Cave, et al., 150 Ky. 272; Dotson v. Kentland Coal & Coke Co., 149 Ky. 60.

We conclude that under the clause of the will in question Lizzie Ingles Cheek acquired a fee simple title to the lands therein devised her.

This being the judgment of the chancellor the judgment is affirmed.