## Simons et al. v. Bowers et al.

(Decided April 19, 1935.)

McCANDLESS & McCANDLESS for appellants.

DODD & DODD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On July 24, 1876, Henry Price, a citizen and resident of Jefferson county, duly executed his will. In October thereafter he died, and on the 30th day of that month his will was probated in the Jefferson county court. He owned a farm containing about 200 acres situated near Louisville, Ky., and his will disposed of it in aliquot parts. To his two daughters, Ada Gray, nee Price, and Rebecca Lee, nee Price, he devised 20 acres each, and to his daughter, Lidy Simons, nee Price, he devised 30 acres "to them and their bodily heirs." Only the portion devised to Mrs. Simons is involved in this case. In 1882 she sold and conveyed the thirty acres devised to her and executed to her vendee a warranty deed for an absolute fee-simple title. Numerous mesne conveyances were made until the present appellees and defendants below became the

owners, and it is inferred that each successive owner claimed the absolute title and executed deeds conveying it accordingly.

The appellants and plaintiffs below, Samuel E. Simons and Joe Walter Simons, are the only descendants of Lidy Simons (now deceased); the one being her son and the other her only grandchild, whose parents are dead. The two filed this action in the Jefferson circuit court against appellees and defendants below (present owners) seeking to recover the land from them, upon the ground that the will of Henry Price limited the estate of his daughter Lidy to her life and then to her children, and which theory is, of course, bottomed upon the contention that the words of the testator "her bodily heirs," following her name as a devisee in his will, were used by him in the sense of children and as words of purchase, and which he at the time intended. A copy of the will was filed as an exhibit with the petition, and the court sustained a demurrer to it filed by defendants; whereupon an amended petition was filed purporting to set out the facts and circumstances surrounding the testator at the time he executed his will and alleging that he did intend by the use of the words "her bodily heirs" to designate the first taker's "children" and that the qualifying words should, because of such alleged intention on his part, be construed as words of purchase instead of limitation. A motion to strike certain portions of that amended pleading was sustained, followed by the sustaining of a demurrer to the petition as so amended, and, plaintiffs declining to plead further, their action was dismissed, to reverse which they prosecute this appeal. However, before the final judgment in the case the deposition of a surviving son of the testator was taken and he in part supported the allegations of the amended petition; but the judgment was based upon the insufficiency of plaintiffs' pleadings.

Learned counsel for appellants display great research as well as earnestness in their effort to convince us that this is a case in which resort may be had to parol testimony in order to ascertain the intention of the testator as to the meaning of language he employs in his will, and numerous are the cases, both domestic and foreign, which they cite in support of that well-established rule where the facts are such as to call

for its application. Counsel admit that the devise to Mrs. Simons made in her father's will aptly describes what was known at common law as an "estate tail," and, of course, they also admit that section 2343 of the 1930 edition of Carroll's Kentucky Statutes expressly prescribes that such entailed estates "shall henceforth be held to be estates in fee simple." That enacted mandate is also made applicable by the section to all entailed estates "heretofore or hereafter created." It has been a part of our statutory law from, possibly, the admission of the state into the Union. Its language contains no qualification, but consists of imperative words. However, we, as well as other courts where a similar statute exists, have in numerous opinions upheld the right of an interested litigant, in certain cases where the circumstances authorized it, to show by parol proof that the testator in employing the words "bodily heirs" or "heirs of the body," or other similar phrases, intended to and did employ them in the sense of "children" so as to convert his limiting words into ones of purchase and to thereby devise or convey to the embraced class an estate in the property, following the expiration of that taken by the first taker.

It could serve no useful purpose for us to list all of those cases, but some of them are Henry's Ex'r v. Henry's Ex'r, 81 Ky. 342; Levy's Ex'x v. Leeds, 151 Ky. 56, 151 S. W. 1; Carroll v. Cave Hill Cemetery Co., 172 Ky. 204, 189 S. W. 186; Eichhorn v. Morat, 175 Ky. 80, 193 S. W. 1013; Parrott v. Crosby, 179 Ky. 658, 201 S. W. 13; Williams v. Williams, 182 Ky. 738, 207 S. W. 468; Sauer v. Taylor's Ex'r, 184 Ky. 609, 212 S. W. 583; Weller v. Dinwiddie, 198 Ky. 360, 248 S. W. 874, and Snyder v. Snider, 202 Ky. 321, 327, 259 S. W. 700. Because of the great earnestness of counsel we have carefully read each of them, together with many others of this court dealing with the rule contended for, and in each of them the entire language of the involved will or conveyance in some of its parts clearly indicated that the maker thereof employed the words "heirs of the body," and like expressions, in a different sense from their legal import, and that the true sense in which they were so employed was that of "children" so as to make them words of purchase and to convey an interest to the members of the class which they embraced. Such permissible practice as those cases approve was

and is justified by the unvarying rule in the interpretation of wills, and other written instruments, to first ascertain the correct intention and purpose of those who execute them as expressed therein, and to administer that intention.

Hence, when the will, or other paper in contest, exhibits on its face a substantially warranted conclusion that the limiting words, supra, were intended to be employed in a different sense from their legal signification, and which creates a reasonably warranted doubt as to the sense or significance in which the executor of the writing employed them, then parol testimony may be admitted for the purpose of resolving such doubt; but such testimony is never admitted for the purpose of proving any intention that the maker of the instrument may have expressly uttered as to what his meaning and intention was; but only for the purpose of placing the court in his situation and surroundings at the time he executed it, so as to enable it to interpret the contested language through his spectacles, but only when it is such as to create the doubt. There is then created a species of ambiguity and the rule of practice invoked is for the purpose of explaining or removing it. However, we venture the statement that no case can be found (or at least we have been unable to do so) where no such ambiguity or doubt appears upon the face of the involved instrument, the court permitted the introduction of parol proof in order to change the legal significance of employed words and phrases into an entirely different one.

Accordingly, this court in an unbroken line of opinions, some of which are Williams v. Ohio Valley Banking & Trust Co., 205 Ky. 807, 266 S. W. 670; Jett v. Cheek, 201 Ky. 584, 257 S. W. 1026; Searce v. King, 186 Ky. 507, 217 S. W. 366; Wright v. Curry, Tunis & Norwood, 163 Ky. 683, 174 S. W. 1; Edwards v. Cave, 150 Ky. 272, 150 S. W. 369; Dotson v. Kentland Coal & Coke Co., 150 Ky. 60, 150 S. W. 6; McCauley, Peacher & Co. v. Buckner, 87 Ky. 191, 8 S. W. 196, 10 Ky. Law Rep. 99; Johnson v. Johnson, 2 Metc. 331; True v. Nicholls, 2 Duv. 547; Sanders v. Wade, 30 S. W. 656, 17 Ky. Law Rep. 205; Marshall v. Walker, 80 S. W. 1132, 26 Ky. Law Rep. 199, denied the right of a contesting litigant to alter the legal significance of the contested language so as to comport with his insistence as

to its true meaning. A very recent case in which the question was presented and the rules, supra, were approved is that of Campbell v. Prestonsburg Coal Co., 258 Ky. 83, 79 S. W. (2d) 373, the discussion of the question beginning on page 88 of the Kentucky report.

Supplementing and fortifying our cited opinions, is a most exhaustive and elucidating annotation in 94 A. L. R., following the case of Calder v. Bryant (282 Mass. 231, 184 N. E. 440), reported in that volume on page 18, the annotation beginning on page 26 and extending to and including page 293, a document of 207 pages, and displaying much labor and accurate research by the writer. On page 167 of the volume referred to the annotator takes up the subject of the admissibility of parol proof "To determine the character or quantity of estate or interest" devised. At the very beginning of that subdivision it is written: "Much confusion exists as to the admissibility of extrinsic evidence to aid in determining the nature or quantum of the estate devised by a will. It is impossible to reconcile the authorities entirely, but certain general principles are deducible from them. One of such rules is that extrinsic evidence is never admissible for the purpose of enlarging or diminishing the estate or interest devised, or to vary the legal effect of the language of the will in this respect." That excerpt is followed with a citation of cases from many states and other jurisdictions, including the domestic cases of Long v. Duvall, 6 B. Mon. 219; McCauley v. Buckner, 87 Ky. 191, 8 S. W. 196, 10 Ky. Law Rep. 99, and Martin v. Palmer, 193 Ky. 25, 234 S. W. 742.

In the treatment of the question under that heading of the annotation the writer cites, refers to, and quotes from a number of cases involving almost identical language and circumstances as appears in the instant one, and in which the rule of practice here sought to be invoked was denied upon the ground that it should never be applied where the supposed doubt as to the meaning of the contested expressions is founded on no sounder basis than a mere surmise, and for which the language of the document under consideration furnishes no reasonably sound support.

Moreover, another inexorable rule, in the interpretation of writings transferring title to real estate, is

that an evenly balanced doubt as to the character of estate intended to be conveyed will be resolved in favor of a fee rather than a lesser interest, and which rule is approved and applied by this court, as will be seen from the cases of Campbell v. Prestonsburg Coal Co., supra; Ely v. United States Coal & Coke Co., 243 Ky. 725, 49 S. W. (2d) 1021; Fairchild v. Fairchild, 237 Ky. 700, 36 S. W. (2d) 337; Denney v. Crabtree, 194 Ky. 185, 238 S. W. 398; Wilson v. Woodward, 190 Ky. 326, 330, 227 S. W. 446, and others cited in those opinions. Surely it cannot be contended that the alleged doubt as to the testator's meaning in this case, as developed by the terms of his will, is of such magnitude as to not be governed by the latter stated rule, and accepting such to be true it then becomes our duty to resolve that doubt in favor of Mrs. Simons taking a fee to the portion of land devised to her by her father.

To do otherwise in the circumstances of this case, and to uphold appellants' contention, would produce great disturbances of titles to a large part of the landed property of the commonwealth, and cast clouds upon them when they were created by and through language of similar import to that involved in this case. Any abstractor of title in examining the will of the testator, Price, would at once conclude that the title devised to Mrs. Simons was an estate tail at common law, and which our statute, supra, mandatorily converted into a fee. Investments might be made on the faith in the correctness thereof, or the property might be bought and sold through a series of years (as was and is true in this case) on the faith of the inviolability of the statute with no warning to the contrary in the muniment of title, to be followed by a later successful proceeding to recover the property from such bona fide holder, and all of which would be done through the development of hidden and buried facts entirely dehors the instrument conveying the title. While courts should strictly adhere to the rule (sometimes designated as the polar star for the interpretation of wills) that the intention of the testator as gathered from the language he employed should prevail, yet we are admonished that the enforcement of that rule does not require or authorize the inequitable procedure here invoked, howsoever applicable it might be under different circumstances and facts.

We therefore conclude that the judgment was and is proper, and it is affirmed.

The whole court sitting.